UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00148-GNS


CITY OF FORT LAUDERDALE GENERAL
EMPLOYEES' RETIREMENT SYSTEM,
on behalf of itself and all others similarly situated                                    PLAINTIFF

v.

HOLLEY INC. f/k/a EMPOWER LTD. et al.                                              DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

        This matter is before the Court on Plaintiff's Motion for Appointment of Lead Plaintiff and

for Approval of Selection of Lead Counsel (DN 21).  The motion is ripe for adjudication.  For the

reasons stated below, the motion is **GRANTED**.

## I.        BACKGROUND

        Plaintiff City of Fort Lauderdale General Employees' Retirement System ("Retirement

System") filed this putative class action on behalf of itself and all others similarly situated under

the Private Securities Litigation Reform Act of 1995 ("PSLRA") against Defendants Holley Inc.

f/k/a Empower Ltd. ("Holley"), Tom Tomlinson, and Dominic Bardos (collectively

"Defendants").  (Compl. ¶¶ 1, 20-26, DN 1).  Because Defendants allegedly engaged in wrongful

acts and omissions that resulted in the decline in the value of Holley's securities, the Retirement

System claims that it and other class members suffered losses and damages.  (Compl. ¶¶ 31-103).

        Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for the Retirement System published a

notice of this putative class action on *Globe Newswire*, a national business-oriented wire service,

on November 6, 2023, which notice informed any purported class member of the opportunity to

request to serve as lead plaintiff and provided contact information for the Retirement System's

1

counsel. (Garrison Aff. Ex. A, at 2-5, DN 21-3). Before the statutory deadline of January 5, 2024, the Retirement System moved for appointment of lead plaintiff and lead counsel in this action. (Garrison Aff. Ex. A, at 2; Pl.'s Mem. Supp. Mot. Appointment 3-7, DN 21-1). The motion is unopposed. (Notice 2, DN 23).

## II.   JURISDICTION

This Court has jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III.   DISCUSSION

Under the PSLRA, a court is to consider any motion filed by a class member seeking to be appointed as lead plaintiff and to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Even if a motion for appointment as lead plaintiff and lead counsel is unopposed, a court must still evaluate the motion and determine whether a class member requesting appointment as lead plaintiff and its chosen counsel should serve in those capacities.

Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the person who:

> (aa)    has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will

not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u-4(a)(3)(B)(iii)(II).

The PSLRA does not provide a specific methodology for determining which class member has "the largest financial interest" in the litigation. Most courts, however, have applied a four-factor inquiry referred to as the *Olsen-Lax* test. *See Owens v. FirstEnergy Corp.*, No. 2:20-CV-03785 & 2:20-CV-04287, 2020 WL 6873421, at *5 (S.D. Ohio Nov. 23, 2020) (citation omitted). The factors require a court to consider: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *La. Sheriff's Pension & Relief Fund v. Cardinal Health, Inc.*, No. 2:19-CV-3347, 2020 WL 3396660, at *5 (S.D. Ohio June 19, 2020) (citation omitted). As a sister court has noted:

> The *Olsen-Lax* test has been widely accepted because it provides courts with helpful additional information for measuring financial stake beyond the ultimate question of damages. The objective indicators included in *Olsen-Lax* "reveal[] whether plaintiffs actually profited during the Class Period from the inflated stock prices." Nevertheless, the trial [court] retains full discretion over the specific methods used to calculate loss "and the factors considered in determining each [plaintiff's] financial interest."

*Owens*, 2020 WL 6873421, at *5 (first alteration in original) (internal citations omitted) (citation omitted). The PSLRA further provides that once the most adequate plaintiff is selected, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

In this instance, the Retirement System is the only plaintiff in this action, and no other person or entity who is a member of the proposed class has requested appointment as lead plaintiff by the statutory deadline of January 5, 2024. The Retirement System represents that it has financial losses of more than $452,000 arising from Defendants' alleged violations of federal securities laws

after it purchased 67,836 shares of Holley securities in the class period of July 21, 2021, to February 6, 2023.  (Pl.'s Mem. Supp. Mot. Appointment 4; Garrison Aff. Ex. B, at 2-4, DN 21-4; Garrison Aff. Ex. C, at 2-3, DN 21-5; Compl. ¶ 1).  Its counsel also represents that the Retirement System has a larger financial interest than any other potential plaintiff.  (Pl.'s Mem. Supp. Mot. Appointment 4).  These facts support the determination that the Retirement System is the presumptive lead plaintiff.

The Court must also determine whether the Retirement System satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a).  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc).  The typicality requirement is met if the prospective lead plaintiff's claims arise out of the same course of conduct or series of events and are based on the same legal theory as the other members of the proposed class.  *See In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996) ("[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." (citation omitted)).  The adequacy requirement is satisfied if the proposed lead plaintiff demonstrates that its interests are not antagonistic to those of the proposed class and is not subject to unique defenses that render the proposed lead plaintiff incapable of adequately representing the proposed class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 304-05 (S.D. Ohio 2005) (citation omitted).

In this instance, the Retirement System has made a *prima facie* showing that it satisfies both requirements.  Its claims against Defendants are typical of the class members because all such claims involve the purchase of Holley securities during the class period at allegedly artificially inflated prices and for which the class members incurred losses.  (Pl.'s Mem. Supp. Mot. Appointment 5).  The Retirement System has also shown that it is adequate to represent the

4

proposed class because it is a public pension fund which is a sophisticated institutional advisor and has served as a fiduciary. (Pl.'s Mem. Supp. Mot. Appointment 5-6). There do not appear to be any unique defenses that would prevent the Retirement System from representing the proposed class as lead plaintiff.

Because the Retirement System filed this action, has the largest financial interest in this action, and appears to satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), the Retirement System is presumptively the most adequate lead plaintiff. No person or entity has attempted to rebut the presumption that the Retirement System should serve in this role. Accordingly, the motion is granted.[1]

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Plaintiff's Motion for Appointment of Lead Plaintiff and for Approval of Selection of Lead Counsel (DN 21) is **GRANTED**.

2.      Plaintiff City of Fort Lauderdale General Employees' Retirement System is appointed as Lead Plaintiff for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B).

3.      Plaintiff City of Fort Lauderdale General Employees' Retirement System's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel is hereby approved, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Counsel shall have the following responsibilities and duties on behalf of Lead Plaintiff and the putative class:

---

[1] In the proposed order tendered with the motion, the Retirement System included language regarding the consolidation of related cases transferred into this district. The motion, however, neither argues for nor requests such relief. (Proposed Order 2, DN 21-7). If necessary and at the appropriate time, the Retirement System may move for consolidation.

a.      briefing and arguing any and all motions;

b.      conducting any and all discovery including taking depositions;

c.      engaging in settlement negotiations;

d.      preparing for and participating in pretrial discovery proceedings, trial preparations, and the trial, including delegating work responsibilities to selected counsel as may be required;

e.      drafting and filing of all pleadings; and

f.      supervising all other matters relating to the prosecution or resolution of this action.

Greg N. Stivers, Chief Judge
United States District Court

February 26, 2024

cc:     counsel of record