BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
DAVID GARRISON (KY Bar No. 98258)
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2202
615/252-3798 (fax)
dgarrison@barrettjohnston.com

Local Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

AT BOWLING GREEN

| | |
|---|---|
| CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>  vs.<br><br>HOLLEY INC., f/k/a EMPOWER LTD., et al.,<br><br>             Defendants. | Civil Action No. 1:23-cv-00148-GNS<br><br>CLASS ACTION<br><br>PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTED AMENDED COMPLAINT |

**TABLE OF CONTENTS**

**Page**

I.    BACKGROUND ...................................................................................................2

    A.    Amended Complaint ...................................................................................2

    B.    Briefing on Defendants' Motion to Dismiss ..............................................3

    C.    New Evidence Regarding Holley's Lack of Pricing Discipline ................4

II.    ARGUMENT .......................................................................................................7

    A.    Legal Standard ...........................................................................................7

    B.    The Court Should Grant Plaintiff Leave to File the Supplemented Complaint ...................................................................................................8

        1.    There Is No Undue Delay, Bad Faith, or Dilatory Motive .........8

        2.    This Is Plaintiff's Only Request to Supplement the Complaint Following Filing of Defendants' Motion to Dismiss ..................9

        3.    Defendants Will Not Be Unduly Prejudiced by the Filing of the Supplemented Complaint ...........................................................9

        4.    Supplementing Will Not Be Futile ...........................................11

        5.    Allowing Plaintiff to Supplement Will Promote Judicial Economy and Effective Case Management ..................................12

III.    CONCLUSION ..................................................................................................13

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Bagley v. Jamros*,
  2020 WL 13750510 (W.D. Mich. Oct. 8, 2020).......................................................................12

*Bergner v. Derr*,
  2020 WL 4736470 (W.D. Ky. Aug. 14, 2020) ........................................................................10

*Duracore Pty Ltd. v. Applied Concrete Tech., Inc.*,
  2015 WL 362518 (W.D. Ky. Jan. 27, 2015)............................................................................10

*Jackson v. Equifax Info. Servs., LLC*,
  2023 WL 2074309 (W.D. Ky. Feb. 17, 2023) ....................................................................1, 8, 9

*Klein v. Caterpillar Inc.*,
  581 F. Supp. 3d 912 (E.D. Mich. 2022)....................................................................................9

*Lacer v. Toyota of Bowling Green*,
  2018 WL 5815567 (W.D. Ky. Nov. 6, 2018) ..........................................................................11

*McIlwain v. Berry*,
  2024 WL 4729311 (W.D. Ky. Nov. 8, 2024) .....................................................................10, 12

*McLean v. Alere Inc.*,
  2015 WL 1638341 (W.D. Ky. Apr. 13, 2015)..........................................................................10

*Nautilus Ins. Co. v. SOCAYR SFH, LLC*,
  2020 WL 265207 (W.D. Ky. Jan. 17, 2020)............................................................................10

*Newberry v. Silverman*,
  789 F.3d 636 (6th Cir. 2015) .....................................................................................................8

*Odom v. Edmonds*,
  2022 WL 16951334 (W.D. Ky. Nov. 15, 2022) .........................................................................7

*Rayburn v. Mars Petcare US, Inc.*,
  2010 WL 5634338 (W.D. Tenn. June 11, 2010) ........................................................................8

*Restocon Corp. v. Metro. Knoxville Airport Auth.*,
  2023 WL 6614416 (E.D. Tenn. Aug. 25, 2023) .......................................................................12

*Riverview Health Inst. LLC v. Med. Mut. of Ohio*,
  601 F.3d 505 (6th Cir. 2010) .....................................................................................................8

**Page**

*Rose v. Hartford Underwriters Ins. Co.*,
    203 F.3d 417 (6th Cir. 2000) ......................................................................................11

*Roth Steel Prods. v. Sharon Steel Corp.*,
    705 F.2d 134 (6th Cir. 1983) ........................................................................................9

*Spies v. Voinovich*,
    48 F. App'x 520 (6th Cir. 2002) ...................................................................................7

*Troxel Mfg. Co. v. Schwinn Bicycle Co.*,
    489 F.2d 968 (6th Cir. 1973) ......................................................................................12

*United States ex rel. Lynn v. City of Detroit*,
    2022 WL 163616 (E.D. Mich. Jan. 18, 2022)............................................................12

*United States v. Ohio*,
    2014 WL 1308718 (S.D. Ohio Mar. 28, 2014)..........................................................13

*Victor v. Reynolds*,
    582 F. Supp. 3d 516 (E.D. Mich. 2022)......................................................................9

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
    §78j(b).........................................................................................................................2
    §78t(a).........................................................................................................................2

Federal Rules of Civil Procedure
    Rule 15(d) .................................................................................................................1, 7

17 C.F.R.
    §240.10b-5 ..................................................................................................................2

Lead Plaintiff City of Fort Lauderdale General Employees' Retirement System ("Plaintiff"), by and through its undersigned attorneys, respectfully submits this Motion for Leave to File Supplemented Amended Complaint ("Motion") under Rule 15(d) of the Federal Rules of Civil Procedure to add allegations derived from statements made by Holley Inc.'s ("Holley") current Chief Executive Officer ("CEO") during 2024.[1]   For the Court's convenience, the [Proposed] Supplemented Amended Complaint for Violations of the Federal Securities Laws ("Supplemented Complaint") is attached as Exhibit A and a redlined Supplemented Complaint is attached as Exhibit B.   The new allegations, along with all other edits, are in the following paragraphs of the Supplemented Complaint: ¶¶5-6, 16, 37, 39, 42-45, 54, 89, 108-112, 123, 134, 145, 152, 160, 174, 191, 194, 204, 220-233, 238, 253, 278, 284.

This Court should permit Plaintiff to file the Supplemented Complaint.  As set forth herein, Rule 15(d) directs courts to liberally allow parties to supplement pleadings with events or occurrences that happened after the filing of the pleading to be supplemented.  Plaintiff's proposed allegations stem from recent statements made by Holley's current CEO, who is not a defendant in this action, and relate to existing allegations in the case.  The supplemented allegations will serve Rule 15(d)'s purpose of bringing this case "up to date by setting forth new facts that have occurred since the filing of the original pleading and that affect the controversy and the relief sought." *Jackson v. Equifax Info. Servs., LLC*, 2023 WL 2074309, at *3 (W.D. Ky. Feb. 17, 2023) (Stivers, J.) (granting plaintiff's motion for leave to file a supplemental complaint) (cleaned up).[2]

---

[1]   Prior to filing of this Motion and over the course of the recent holidays, counsel for the Parties conferred regarding the relief sought herein.  On January 6, 2025, counsel for Defendants stated Defendants planned to oppose this Motion.

[2]   Unless otherwise noted, all emphasis is added and citations are omitted.  This brief uses (cleaned up) to indicate that internal quotation marks, alterations, and/or citations have been omitted from quotations.

Defendants will suffer no prejudice from the addition of these supplemental allegations at this early stage of the litigation, especially because Plaintiff does not propose to add any new causes of action or unique theories of liability.  For these reasons, and as further set forth herein, Plaintiff respectfully requests this Court enter an Order granting Plaintiff leave to file the Supplemented Complaint.

## I.    BACKGROUND

### A.    Amended Complaint

Plaintiff filed the initial complaint in this action on November 6, 2023.  ECF 1.  Following appointment as Lead Plaintiff by the Court (ECF 24) and consistent with the Agreed Order Granting Joint Stipulation Regarding Schedule for Filing Amended Complaint (ECF 31), Plaintiff timely filed its Amended Complaint for Violations of the Federal Securities Laws on April 26, 2024 ("Amended Complaint) (ECF 36).[3]

The Amended Complaint alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  Relevant to this Motion, the Amended Complaint alleges that Defendants made materially false and misleading statements that Holley had "mutually beneficial and long-term relationships" with its resellers and that Holley had the ability to and did "maintain strong pricing discipline" with "strict conformance to minimum advertised pricing" ("MAP"). *See, e.g.*, ¶¶38, 40, 109, 113, 141, 152.

The Amended Complaint alleges that resellers and distributors, and Holley's relationships with them, are critical to Holley's business.  ¶¶34-35.  Holley historically sold the vast majority of

---

[3]   Citations to "¶__" refer to paragraphs of the Amended Complaint.  All capitalized terms herein shall have the same definitions as set forth in the Amended Complaint.

its products through resellers, who purchased products from Holley and then resold them through various channels to end users. *Id*. Defendants consistently told investors that Holley had "established mutually beneficial and long-term relationships with [its] resellers" that allowed Holley to "maintain strong pricing discipline" across its channels and operate with "strict conformance to minimum advertised pricing," which supported the value of Holley's products in the market and supported Holley's profit margins. *See, e.g.*, ¶¶5, 36, 38, 40.

The Amended Complaint further alleges Holley shifted its business strategy leading up to and during the Class Period to focus more on its direct-to-consumer ("DTC") channel, which former CEO Tomlinson described as a "great opportunity to really supercharge the growth of the company." ¶¶37-38. The Amended Complaint asserts that Defendants made clear the Company's DTC focus was not harming its reseller relationships and "falsely assured investors that Holley continued to maintain its 'established mutually beneficial and long-term relationships with [its] resellers' that allowed Holley to operate with strict 'pricing discipline.'" *Id*.

The Amended Complaint alleges that, unbeknownst to investors, these representations were false because Holley had been undermining and materially hurting its reseller relationships by failing to adhere to its MAP policy and failing to operate with "strict" pricing discipline. ¶¶41-61. Among other things, the Amended Complaint alleges Holley sold its products below MAP through the Company's DTC channel. *Id*.

## B.    Briefing on Defendants' Motion to Dismiss

On June 28, 2024, Defendants timely moved to dismiss the Amended Complaint. ECF 42. As relevant here, Defendants asserted that Plaintiff failed to adequately allege that Holley's statements regarding its pricing discipline and strict commitment to MAP were false or made with scienter. *Id.* at 9-12, 21-25. Defendants requested that the Amended Complaint be dismissed "with prejudice." *Id.* at 25. In response, Plaintiff argued that it adequately pled falsity by alleging

- 3 -

that at the same time Holley was telling investors about its "strong pricing discipline" and "strict conformance" to MAP, Holley was damaging its reseller relationships by, among other things, selling below MAP via its DTC channel. ECF 43 at 6, 8, 13, 15. In reply, Defendants further argued that Plaintiff's pricing allegations still fell short. ECF 44 at 3-5.

Defendants' motion to dismiss, therefore, is fully briefed and pending before the Court. It is clear that one of the central areas of disagreement between the parties rests on whether the Amended Complaint adequately alleges that Holley failed to operate with pricing discipline and "strict" adherence to MAP, and whether Defendants' Class Period statements in that regard were materially false and misleading.

### C.    New Evidence Regarding Holley's Lack of Pricing Discipline

The focus of the Supplemented Complaint is that Holley's current CEO made additional statements (including since the Amended Complaint's filing) demonstrating that Holley did not operate with pricing discipline or strict adherence to MAP, and that the Company's lack of pricing discipline hurt its reseller relationships. The new statements were made during the course of 2024 by Holley's current President and CEO Matthew Stevenson ("Stevenson"), who took charge of the Company on June 6, 2023, and is not a defendant in this action. *See, e.g.*, Supplemented Complaint at ¶¶220-233.

The Supplemented Complaint alleges that in ***four*** sets of statements during 2024, Stevenson disclosed facts and circumstances that support Plaintiff's existing allegations in the Amended Complaint that Holley did not operate with pricing discipline or strict adherence to MAP in its DTC channel, and that Holley's failures in this regard hurt its reseller relationships, financial results, and outlook. Those four sets of statements are summarized below and alleged in more detail in the proposed Supplemented Complaint in ¶¶220-233. Viewed collectively, these four sets of statements support granting this Motion.

*First*, on February 28, 2024,[4] Stevenson stated that previously, Holley's "distribution partners were ***not*** included in our promotional efforts" which "resulted in them ***not*** promoting [Holley] products as desired during these time periods and in some cases, ***even promoting [Holley's] competitors' products*** to preserve their margins." Supplemented Complaint at ¶221.

*Second*, on May 8, 2024, Stevenson further confirmed that prior to his tenure as Holley's President and CEO, when Holley "ran a promotion, we didn't include our distribution partners and we felt that was a real miss as an important part of our go-to-market strategy." *Id*. at ¶223.

*Third*, on August 7, 2024, Stevenson made clear that the Company's implementation of promotional planning with its distribution partners "***never existed before***." *Id*. at ¶225.

*Fourth*, and perhaps most importantly, on November 8, 2024, Stevenson stated that as of the close of the third quarter ended September 30, 2024, Holley was only enforcing MAP on a small number of its total stock keeping units ("SKUs"). *Id*. at ¶¶227-228. Specifically, Stevenson stated that "MAP enforcement" was "now in place for over 20,000 SKUs" which was "***12 times more*** than it was just a short time ago." *Id*. at ¶227. Stevenson added that MAP enforcement was "***key to earning trust with distributors*** and keeping everyone on a level playing field." *Id*. Expanding on his statements, Stevenson added:

> ***Pricing is a discipline we've been working on putting into this organization for over the last year. And one of the things relative to MAP policy alignment was the number of SKUs we were monitoring and enforcing was very low, compared to what we're doing now***. As I commented in my prepared remarks, it's up ***12x*** compared to what we were doing before.

---

[4] While Stevenson's February 28, 2024 post-Class Period statement was made before the Amended Complaint's filing, it was Stevenson's subsequent statements, ending in November 2024, that when viewed collectively in context, make clear that supplementing the Amended Complaint is warranted.

*Id*. at ¶228.  Stevenson further added that the newly enforced MAP provided "great benefits" to the Company because it "builds confidence in your distribution partners to invest in your brands because they know you're going to hold everybody on a level playing field *and people won't be undercutting them in the market*."  *Id.* at ¶229.

These statements provide further context and clarity as to why Defendants' Class Period statements regarding Holley's "strong pricing discipline" across its channels with "strict adherence to minimum advertised pricing" were false and misleading when made.  Indeed, despite assuring investors during the Class Period that it maintained "strict" MAP protocols across its channels, Holley's new leadership now admits, in a series of statements, that Holley previously excluded distribution partners from promotions and only had been monitoring and enforcing MAP on a "very low" number of SKUs.  *Id.* at ¶228.

While it is not *exactly* clear precisely how many SKUs Holley had during the Class Period, such precision is not necessary to justify granting this Motion.  Stevenson acknowledged that pricing discipline and SKU monitoring and enforcement had been almost non-existent.  Indeed, Stevenson's acknowledgement that Holley had only just recently implemented MAP enforcement on over 20,000 SKUs, which was *12 times more* than a short time ago, means that, until this effort, Holley enforced MAP on only a tiny fraction of its total SKUs.  This is elucidated by simple math.  20,000 SKUs divided by 12 is approximately 1,666 SKUs.  Even if Holley enforced MAP for 25,000 SKUs, that number divided by 12 is 2,083.  And, Holley had 80,000 SKUs in June 2023 when Stevenson joined the Company[5] (down from 100,000 prior to the end of 2022).[6]  This means

---

[5]  At the June 5, 2024 William Blair Growth Stock Conference, Stevenson stated that when he "first came onboard" in June 2023, the Company "had 80,000 SKUs."  *Id.* at ¶232.

[6]  During the Company's 4Q22 earnings call, interim CEO Gloeckler stated that Holley had "rationalized" (*i.e.*, eliminated) "more than 20,000 SKUs" during 4Q22.  *See* ¶106.  Taken together

- 6 -

that as of June 2023, Holley enforced MAP on approximately 2% of its total SKUs (1,666 divided by 80,000) on the low end and 2.6% (2,083 divided by 80,000) on the high end. Stated another way, Holley *lacked* MAP enforcement for between 97% and 98% of its SKUs as of June 2023. Likewise, using this math, Holley enforced MAP on approximately 1.7% of its total SKUs (1,666 divided by 100,000) on the low end and 2% (2,083 divided by 100,000) on the high end at the end of 2022.

These new facts provide substantial additional context to Plaintiff's existing allegations regarding the falsity of Defendants' MAP-related statements and statements regarding Holley's relationships with its distributors – allegations that Defendants argue are deficient and warrant the Amended Complaint's dismissal with prejudice. For the reasons set forth below, this Motion should be granted.

## II.   ARGUMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 15(d) allows a party to file a supplemental pleading with leave of court. A supplemental pleading generally sets forth "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The standard for granting leave to supplement a complaint under Rule 15(d) . . . is the same as the standard governing leave to amend under Rule 15(a)(2)." *See Odom v. Edmonds*, 2022 WL 16951334, at *1 (W.D. Ky. Nov. 15, 2022) (granting motion to supplement) (citing *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002)). That standard instructs courts to "freely" permit a party to file a supplemental pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2);

---

with Stevenson's "80,000 SKUs" statement, that means Holley conservatively had at least 100,000 SKUs prior to the end of 4Q22.

*Jackson*, 2023 WL 2074309, at *3 (same and noting "[t]he Court has discretion in allowing such pleadings, and as a general rule, applications for leave . . . are normally granted") (cleaned up); *see also Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) ("It should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint.") (cleaned up).

Courts have generally denied leave to supplement only under four circumstances: (1) undue delay, bad faith, or dilatory motive; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice on the opposing party; and (4) futility in allowing the supplement. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). None of these circumstances apply here, and Plaintiff should be permitted to file the Supplemented Complaint to bolster and clarify Plaintiff's existing allegations based on Holley's recent statements. *See Rayburn v. Mars Petcare US, Inc.*, 2010 WL 5634338, at *2 (W.D. Tenn. June 11, 2010) ("There has been no undue delay in filing the Motion [to Amend Complaint] and the Court can find no bad faith on the part of the Plaintiff. The amendment seeks to bolster and clarify Plaintiff's allegations. Further, extensive discovery has not taken place . . . . For these reasons, the Court GRANTS Plaintiff's Motion to Amend.").

### B.    The Court Should Grant Plaintiff Leave to File the Supplemented Complaint

#### 1.    There Is No Undue Delay, Bad Faith, or Dilatory Motive

Plaintiff has not delayed filing the instant Motion. Although the first statement at issue was made in February 2024, it was not until November 8, 2024 that Stevenson provided specifics regarding the current state of Holley's MAP enforcement on its SKUs (approximately 20,000, representing a 12 times increase) which provided the detail necessary for Plaintiff to evaluate Stevenson's statements in context, analyze additional data, and tie the MAP information back to

the Class Period.  Given the relatively short time that has elapsed since Stevenson's most recent statement and the filing of this Motion (including time spent meeting and conferring with counsel for Defendants), there has been no undue delay.  *See Victor v. Reynolds*, 582 F. Supp. 3d 516, 520-21 (E.D. Mich. 2022) (granting leave because plaintiff "filed the motion proximate to learning new facts" after only "mere weeks"); *Jackson*, 2023 WL 2074309, at *4 (finding no issues of undue delay, prejudice, or bad faith where motion was filed "shortly" after reply and where defendant "has yet to file an Answer, and no scheduling order has been entered").

### 2. This Is Plaintiff's Only Request to Supplement the Complaint Following Filing of Defendants' Motion to Dismiss

Leave to file the Supplemented Complaint should be granted because there has been no repeated failure to cure deficiencies by amendments previously allowed.  This is Plaintiff's first request to supplement – and therefore there have been no "failures" thus far – and the Court has yet to rule on Defendants' pending motion to dismiss or identify any deficiencies.  *See Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (finding no repeated failure to cure deficiencies with previous amendments, where plaintiff's two prior amendments "addressed" deficiencies).  This factor, therefore, neither applies nor supports denying the Motion.

### 3. Defendants Will Not Be Unduly Prejudiced by the Filing of the Supplemented Complaint

Filing the Supplemented Complaint will not cause Defendants any prejudice – let alone "undue" prejudice.  A party suffers prejudice from a supplemental complaint if it leaves the party with "insufficient time to conduct discovery[,]" unfairly surprises the party by changing legal theories, or otherwise prevents the party from "effectively rebut[ting]" a new theory at trial.  *See Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Allowing Plaintiff to file the Supplemented Complaint will do none of those things.

To start, the Supplemented Complaint does not allege any new theories of liability; rather, it adds new statements that provide further support and context for Plaintiff's existing allegations and theories of liability. For that reason alone, Defendants will not suffer prejudice if the Court grants this Motion. Indeed, courts generally "find little prejudice when the supplementation relates to the original complaint." *McIlwain v. Berry*, 2024 WL 4729311, at *1, *7 (W.D. Ky. Nov. 8, 2024) (granting motion to supplement complaint where "the supplementation only adds additional facts to existing claims" and the plaintiff included a "redline markup indicating each change").

Moreover, this case is still in its beginning stages. *Id.* at *6 ("Therefore, the amendment is not prejudicial because . . . the litigation is in its beginning stages."). The Court has not yet had the opportunity to rule on Defendants' motion to dismiss. *See Nautilus Ins. Co. v. SOCAYR SFH, LLC*, 2020 WL 265207, at *2 (W.D. Ky. Jan. 17, 2020) (granting leave where the "case [wa]s still in the early stages of litigation[,]" while motions to dismiss and for default judgment were pending); *Duracore Pty Ltd. v. Applied Concrete Tech., Inc.*, 2015 WL 362518, at *2 (W.D. Ky. Jan. 27, 2015) ("Prejudice generally requires more than merely having a motion to dismiss pending."). And discovery has not yet begun because of the stay imposed by the Private Securities Litigation Reform Act of 1995. *McIlwain*, 2024 WL 4729311, at *6 (finding no prejudice where new facts "relate to the original complaint and discovery has not yet begun"); *see also McLean v. Alere Inc.*, 2015 WL 1638341, at *3 (W.D. Ky. Apr. 13, 2015) (finding no prejudice where plaintiff had yet to be deposed, no dispositive motions had yet been ruled on, and substantial discovery had yet to be produced); *Cf. Bergner v. Derr*, 2020 WL 4736470, at *2 (W.D. Ky. Aug. 14, 2020) ("Courts in the Sixth Circuit have found prejudice where a motion to amend is filed **after** a discovery deadline or close in time to trial."). Accordingly, granting Plaintiff's Motion will not result in any prejudice, undue or otherwise.

- 10 -

### 4.    Supplementing Will Not Be Futile

Nor would allowing Plaintiff to file the Supplemented Complaint be futile.  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (reversing denial of the motion for leave).  Thus, "[t]he scope of inquiry for purposes of determining whether amendment of a complaint is futile is confined to an examination of the allegations set forth in the proposed amended complaint."  *Lacer v. Toyota of Bowling Green*, 2018 WL 5815567, at *3 (W.D. Ky. Nov. 6, 2018).

Here, the proposed Supplemented Complaint adds specific, post-Class Period statements by the Company's current President and CEO that shine additional light on the falsity of Defendants' Class Period statements regarding Holley's "strict" adherence to MAP and how that "strict" pricing discipline benefitted its distributor relationships.  While Plaintiff believes its existing allegations are sufficient, as described in Plaintiff's opposition to the motion to dismiss (ECF 43), Defendants have vigorously argued otherwise in their motion to dismiss (ECF 42) and in their reply in support of their motion to dismiss (ECF 44).  Specifically, Defendants argue that Plaintiff hangs its hat on former employees, whose allegations regarding Holley's abandonment of its "strict" MAP policy lack sufficient detail and "read[] more like unsupported 'water-cooler gossip[.]'"   ECF 42 at 10.   Though Plaintiff disagrees with and disputes Defendants' characterization, the Supplemented Complaint bolsters these well-pleaded allegations with additional supporting statements from Holley itself.  Plaintiff's proposed addition, therefore, addresses Defendants' reliability arguments, and further supports existing allegations that Holley did not have strong pricing discipline or strictly follow its own MAP policy.  *See* Supplemented Complaint at ¶228.  ("And one of the things relative to MAP policy alignment was the number of

SKUs we were monitoring and enforcing was *very low*, compared to what we're doing now. . . . *[I]t's up 12x compared to what we were doing before*.").

Accordingly, inclusion of the new statements further bolsters Plaintiff's allegations and demonstrates that denial of Defendants' motion to dismiss is appropriate, leading to the conclusion that supplementation is not futile. *See, e.g.*, *Bagley v. Jamros*, 2020 WL 13750510, at *2 (W.D. Mich. Oct. 8, 2020) ("Plaintiff's allegations, as bolstered by his proposed amendments, would suffice to state a claim against [defendant]. Therefore, the proposed amendment would not be futile."); *Restocon Corp. v. Metro. Knoxville Airport Auth.*, 2023 WL 6614416, at *2 (E.D. Tenn. Aug. 25, 2023) (granting motion for leave and writing that "many courts, for reasons of practicality, decline to engage in a futility analysis at the motion to amend phase and opt instead to assess questions of plausibility later when ruling on the motion to dismiss").

### 5.    Allowing Plaintiff to Supplement Will Promote Judicial Economy and Effective Case Management

Supplementation will also promote judicial economy. Courts generally favor supplementation when it promotes "judicial efficiency and avoiding piecemeal litigation." *McIlwain*, 2024 WL 4729311, at *7 (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir. 1973)). And "judicial efficiency can be furthered by allowing a supplemental complaint where 'the crux' of a lawsuit remains the same." *United States ex rel. Lynn v. City of Detroit*, 2022 WL 163616, at *4 (E.D. Mich. Jan. 18, 2022). In this case, permitting Plaintiff to file the Supplemented Complaint "would promote judicial economy because while there are new factual allegations, the nature of the action and underlying conduct at issue remains the same." *See id.* Indeed, the Supplemented Complaint does not allege any new theories of liability or change the crux of Plaintiff's allegations. It simply bolsters existing allegations with the addition of Holley's recent statements. By allowing the Court to consider the most up-to-date allegations

- 12 -

***before*** it issues a decision on the pending motion to dismiss – rather than Plaintiff taking a "wait-and-see" approach – the filing of a Supplemented Complaint with new allegations will prevent the "needless waste of judicial resources that Rule 15 was designed to avoid." *See United States v. Ohio*, 2014 WL 1308718, at *7 (S.D. Ohio Mar. 28, 2014).

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter an Order granting this Motion and permitting filing of the Supplemented Complaint.

DATED: January 7, 2025

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
DAVID GARRISON (KY Bar No. 98258)

/s/ David Garrison
DAVID GARRISON

200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2202
615/252-3798 (fax)
dgarrison@barrettjohnston.com

*Local Counsel*

ROBBINS GELLER RUDMAN &
  DOWD LLP
ROBERT J. ROBBINS (admitted *pro hac vice*)
ELIZABETH A. SHONSON (admitted *pro hac vice*)
ANDREW T. REES (admitted *pro hac vice*)
ALEX KAPLAN (admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33423
Telephone: 561/750-3000
561/750-3364 (fax)
rrobbins@rgrdlaw.com
eshonson@rgrdlaw.com
arees@rgrdlaw.com
akaplan@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

- 13 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this *Motion for Leave to Supplement Amended Complaint*

was filed electronically with the Clerk's office and served upon Defendants using the Court's

CM/ECF system on January 7, 2025 through their counsel of record as indicated below:

MICHAEL P. ABATE
KAPLAN JOHNSON ABATE & BIRD LLP
710 West Main Street, 4th Floor
Louisville, KY  40202
Telephone: 502/540-8280
mabate@kaplanjohnsonlaw.com

SEAN M. BERKOWITZ
ERIC R. SWIBEL
NICHOLAS J. SICILIANO
LATHAM & WATKINS LLP
330 North Wabash Street, Suite 2800
Chicago, IL  60611
Telephone: 312/876-7700
312/993-9767 (fax)
sean.berkowitz@lw.com
eric.swibel@lw.com
nicholas.siciliano@lw.com

*Counsel for Defendants Holley, Inc., Tom Tomlinson, and Dominic Bardos*

/s/ David W. Garrison
DAVID W. GARRISON
BARRETT JOHNSTON MARTIN
  & GARRISON, PLLC

- 14 -