UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00148-GNS

CITY OF FORT LAUDERDALE GENERAL
EMPLOYEES' RETIREMENT SYSTEM,
on behalf of itself and all others similarly situated                                    PLAINTIFF

v.

HOLLEY INC. f/k/a EMPOWER LTD. et al.                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 41, 42) and Plaintiff's Motion for Leave to File Supplemented Amended Complaint (DN 55). The motions are ripe for adjudication.

### I.     BACKGROUND

Plaintiff City of Fort Lauderdale General Employees' Retirement System ("Retirement System") filed this putative class action, as Lead Plaintiff, on behalf of itself and all others similarly situated under the Private Securities Litigation Reform Act of 1995 ("PSLRA") against Defendants Holley Inc. f/k/a Empower Ltd. ("Holley"), Tom Tomlinson, and Dominic Bardos (collectively, "Defendants"). (Am. Compl. ¶¶ 1, 22-29, DN 36). Because Defendants allegedly engaged in wrongful acts and omissions that resulted in the decline in the value of Holley's securities, the Retirement System claims that it and other class members suffered losses and damages. (Am. Compl. ¶¶ 32-105). Defendants allegedly made materially false statements about Holley's growth, business, and future prospects regarding its "minimum advertised pricing" ("MAP") and reseller relationship leverage strategies when growth was, in fact, "unsustainable." (Am. Compl. ¶¶ 5-6, 32-105). These alleged false or misleading statements later came to light when the quarterly report

1

showed a drop in valuation and financial results, a decline in sales, and multiple members of Holley leadership left the company. (Am. Compl. ¶¶ 7-16, 32-105).

The Retirement System filed its Amended Complaint after this Court granted the parties' joint stipulation, and Defendants moved to dismiss the claims for failing to state a claim under various federal securities laws including various sections of the Securities Exchange Act of 1934 ("Exchange Act"). (Order 1-2, DN 31; Defs.' Mot. Dismiss Am. Compl., DN 42; *see generally* Am. Compl.). The Retirement System has moved to file a Proposed Supplemented Amended Complaint to add additional allegations from statements made by Holley's leadership. (Pl.'s Mot. Leave Suppl. Am. Compl., DN 55).

## II.    JURISDICTION

This Court has jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III.    DISCUSSION

### A.    Plaintiff's Motion for Leave to File Supplemented Amended Complaint

Fed. R. Civ. P. 15(d) provides in pertinent part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Supreme Court has ruled that "Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit . . . ." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964) (internal footnote omitted). The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002).

The granting of a motion to file a supplemental pleading is within the discretion of the trial court, and courts typically grant such applications. *Martinez v. Hiland*, No. 5:13-CV-P182-GNS, 2017 WL 939009, at *2 (W.D. Ky. Mar. 9, 2017) (citations omitted); *Vaughan v. Erwin*, No. 1:18-CV-P17-GNS, 2019 WL 2011053, at *1 (W.D. Ky. May 7, 2019) (citation omitted). A court may deny a motion to supplement where it contains "a new legal theory, not just events that occurred after the complaint." *Koukios v. Ganson*, 229 F.3d 1152, 2000 WL 1175499, at *2 (6th Cir. Aug. 11, 2000) (citations omitted). Additionally, "leave to supplement may be denied if it would be fairer and more orderly to let the plaintiff raise the new claim(s) in another lawsuit." *Martinez*, 2017 WL 939009, at *2 (citation omitted).

A supplemental pleading may include new facts, new claims, new defenses, and new parties. *Vaughan*, 2019 WL 2011053, at *1 (citation omitted). The events do not need to arise out of the same transaction or occurrence as the original claim but must have some relationship to the original pleading. *Id.* (citing *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 402 (E.D. Wis. 2008)). In considering whether to allow a plaintiff to supplement his complaint, a court should consider: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether amendment is futile. *Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998) (citations omitted). When "the original pleading placed the defendant on notice that the disputed conduct was of a continuing nature, the supplemental complaint should be allowed." *Id.* (citation omitted).

### 1.  *Proposed Revisions*

The Proposed Supplemented Amended Complaint clarifies or rewords previous allegations in the Amended Complaint and adds allegations regarding statements by current Holley CEO, Matthew Stevenson ("Stevenson"), about Holley's lack of adherence to pricing discipline that harmed reseller relationships and its MAP plan. (Pl.'s Mot. Leave Suppl. Am. Compl. Ex. A, at ¶¶ 5-6, 16, 37, 39, 42-45, 54, 89, 108-112, 123, 134, 145, 152, 160, 174, 191, 194, 204, 220-233, 238, 253, 278, 284, DN 55-1 [hereinafter Proposed Suppl. Am. Compl.]). Defendants only oppose this amended pleading on the basis of futility. (Defs.' Resp. Pl.'s Mot. Leave Suppl. Am. Compl. 1-3, DN 56); *Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759-60 (E.D. Ky. 2019) (alteration in original) (citation omitted) ("As a practical matter, 'it is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'").

As a preliminary matter, Defendants cite *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435 (6th Cir. 2014), and *Miller v. Champion Enterprises Inc.*, 346 F.3d 660, 692 (6th Cir. 2003), for the proposition that the "usual liberal standards under Rule 15 do not apply to cases governed by the PSLRA." (Defs.' Resp. Pl.'s Mot. Leave Suppl. Am. Compl. 1-3, 9-14). In *Kuyat*, the Sixth Circuit did not discourage amendments but cautioned courts not to ignore a party's potential motives, noting "Rule 15's permissive amendment policy should not permit plaintiffs to 'use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision.'" *Kuyat*, 747 F.3d at 445 (citation omitted). The Sixth Circuit also warned that "the purpose of the PSLRA would be frustrated if district courts were required to allow repeated amendments to complaints filed under the PSLRA." *Miller*, 346 F.3d at 692. Contrary to Defendants' contention, these cases do not stand for the proposition that

4

amended pleadings are not allowed under the PSLRA; rather, they instruct that a plaintiff should not engage in gamesmanship by repeatedly amending a complaint with claims under the PSLRA. The Retirement System in this instance has only previously filed the Amended Complaint on April 26, 2024, after this Court granted a joint stipulation.  (Pl.'s Mot. Leave Suppl. Am. Compl. 9, DN 55; *see* Order 1-2).  Thus, the Retirement System does not appear to be engaging in gamesmanship but rather is seeking to bolster its allegations after the receipt of new information.

    2.  *Futility*

  To determine whether an amendment should be denied based on futility, "'the same standard of review and rationale apply' to a motion to amend under Fed. R. Civ. P. 15(a) and a motion to supplement under Fed. R. Civ. P. 15(d)." *McNichols v. Lyons*, No. 3:17-CV-688-RGJ, 2023 WL 5154525, at *7 (W.D. Ky. Aug. 10, 2023) (citation omitted).  Allowing an amendment or supplementation is futile when the pleading as amended or supplemented could not withstand a motion to dismiss. *Spigno v. Precision Pipeline, LLC*, 59 F. Supp. 3d 831, 834 (E.D. Mich. 2014); *Clayton v. U.S. Army*, No. 3:09-CV-P295S, 2009 WL 4159260, at *2 (W.D. Ky. Nov. 23, 2009) (citing *City of Moundridge v. Exxon Mobil Corp.*, 471 F. Supp. 2d 20, 29-30 (D.D.C. 2007)) (denying motion to supplement because of futility).

  In the Proposed Supplemented Amended Complaint, Plaintiff brings two claims under federal securities laws.  (Proposed Suppl. Am. Compl. ¶¶ 279-288).  To state a claim pursuant to Section 10(b) and Rule 10b-5 of the Exchange Act (Count I), "a plaintiff must allege, in connection with the purchase or sale of securities, the misstatement or omission of a material fact, made with scienter, upon which the plaintiff justifiably relied and which proximately caused the plaintiff's injury." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 681 (6th Cir. 2004) (citation omitted).  Section 20(a) of the Exchange Act (Count II) creates a cause of action for "control person" liability

and has two requirements for a finding of control person liability. *Id.* at 696 (citation omitted). The "controlled person" must have violated a securities law or the rules and regulations promulgated thereunder, and the "controlling person" must have directly or indirectly controlled the person liable for the securities law violation. *Id.* (citation omitted). "Control" is "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." 17 C.F.R. § 230.405.

The Retirement System seeks to add these allegations because the "statements provide further context and clarity as to why Defendants' Class Period statements regarding Holley's 'strong pricing discipline' across its channels with 'strict adherence to minimum advertised pricing' were false and misleading when made." (Pl.'s Mot. Leave Suppl. Am. Compl. 6). The Amended Complaint did not originally contain any information as to Stevenson's statements allegedly confirming the Retirement System's prior allegations about the MAP, nor the lack of pricing discipline that impaired Holley's relationship with resellers. (Pl.'s Mot. Leave Suppl. Am. Compl. 4). The proposed amendments include Stevenson's statements to explain Holley's revised strategy after a financial decline which contradicted prior representations. (Pl.'s Mot. Leave Suppl. Am. Compl. 5; Proposed Suppl. Am. Compl. ¶¶ 109-112, 160, 221-230). According to the Retirement System, these amendments support the broader allegations that the statements were false or misleading, and that Holley acted with knowledge in making the statements. (Pl.'s Mot. Leave Suppl. Am. Compl. 5-6; Proposed Am. Suppl. Compl. ¶¶ 39-63). These new allegations also provide details regarding Stevenson's alleged corrections to past representations during multiple quarterly updates in 2024. (Proposed Suppl. Am. Compl. ¶¶ 109-112).

The Retirement System's proposed supplements to its Amended Complaint are not futile, for the additions support the allegations of falsity and scienter, as required to make a prima facie case of the Retirement System's securities law claims. (Proposed Suppl. Am. Compl. ¶¶ 280-281, 287-288). Defendants' counterarguments that these additions fail to show intent or additional support for the allegations are not well-taken. (Defs.' Resp. Pl.'s Mot. Leave Suppl. Am. Compl. 9-11). These additions provide factual support for the allegations that Holley acted unlawfully. (Pl.'s Mot. Leave Suppl. Am. Compl. 5). The supplemented allegations also are plead with an enhanced level of particularity by attributing the time and substance of the representations, and the basis for claims of falsity. (Proposed Suppl. Am. Compl. ¶¶ 109-122, 124-133, 135-144, 146-151, 153-159, 161-173, 175-190, 192-203). Given Stevenson's leadership position within the company, these additional allegations also bolster the Retirement System's allegations supporting the "control" element of the claims. (Pl.'s Mot. Leave Suppl. Am. Compl. 11); *see* 17 C.F.R. § 230.405.

Thus, the Retirement System's amendments to the Proposed Supplemented Amended Complaint are not futile, and Defendants have not opposed this amended pleading on any other basis. The Retirement System has met its burden of showing the proposed amendments are not futile; therefore, the motion is granted.

### B.    **Defendants' Motions to Dismiss Amended Complaint**

Because the Proposed Supplemented Amended Complaint subsumes the allegations in the Amended Complaint, the Court will deny Defendants' motions to dismiss as moot. *Disselkamp v. Norton Healthcare, Inc.*, No. 3:18-CV-00048-GNS, 2019 WL 3536038, at *2 (W.D. Ky. Aug. 2, 2019). *See Herran Props., LLC v. Lyon Cnty. Fiscal Ct.*, No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (citing *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 2006 WL 456482, at

7

*5 (N.D. Ohio Feb. 24, 2006)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Leave to File Supplemented Amended Complaint (DN 55) is **GRANTED**. The Clerk is **DIRECTED** to file the Supplemented Amended Complaint (DN 55-1).

2. Defendants' Motions to Dismiss (DN 41, 42) are **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

March 20, 2025

cc:   counsel of record

8