**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

| | |
|---|---|
| CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HOLLEY INC., TOM TOMLINSON, DOMINIC BARDOS, and VINOD NIMMAGADDA<br><br>　　　　　　　　　　　Defendants. | Case No. 1:23-cv-148-GNS<br><br>Judge Greg N. Stivers |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS SUPPLEMENTED AMENDED COMPLAINT**

Defendants[1] Holley Inc., Tom Tomlinson, Dominic Bardos, and Vinod Nimmagadda respectfully submit the attached decision of the U.S. District Court for the Middle District of Tennessee in *Washtenaw County Employees' Retirement System v. Dollar General Corp.*, 2025 WL 1749664 (M.D. Tenn. June 24, 2025) (Exhibit A), as supplemental authority in support of their pending motion to dismiss (Dkt. 70).

In *Dollar General*, plaintiffs alleged that defendants made 113 false or misleading statements about Dollar General's pricing, inventory, staffing, and accounting during a four-year period. Plaintiffs based their allegations, in part, on observations from twenty-four former Dollar General employees who offered "broad insight into the operations of many stores" and corresponded with the individual defendants. Ex. A at *2. The court dismissed the complaint,

---

[1] Unless otherwise stated, all capitalized terms have the same meaning as in Defendants' Motion to Dismiss Supplemented Amended Complaint (Dkt. 70).

1

concluding that plaintiffs failed to allege facts that, "reviewed holistically, give rise to a strong inference of scienter." *Id.* at \*15.  In so finding, the court applied the same non-exhaustive *Helwig* factors as those discussed in Defendants' motion to dismiss.  *See* Mot. (Dkt. 70) at 20-21; Reply (Dkt. 74) at 11-13.

For example, the *Dollar General* plaintiffs alleged *Helwig* factor 1 (insider trading), claiming two of the four individual defendants "made hundreds of millions of dollars 'from suspiciously timed insider trades during the Class Period.'"  Ex. A at \*8.  The court found these allegations did *not* support scienter because the other two defendants sold no shares in the class period.  Here, Plaintiff's allegations fare even worse:  it does not allege that *any* Defendant sold shares during the class period, which undermines any scienter inference.  *See* Mot. (Dkt. 70) at 20; Reply (Dkt. 74) at 12.

Similarly, the *Dollar General* plaintiffs described internal emails and specific meetings and calls in support of *Helwig* factor 2 (divergence between internal reports and external statements)—including emails that former employees allegedly sent directly to defendants.  Ex. A at \*9-12.  The court rejected these arguments because plaintiffs alleged no facts suggesting the defendants read the emails, attended the meetings, or knew about the allegedly fraudulent scheme, and thus plaintiffs failed to describe the reports "with requisite specificity."  *Id.* at \*12.  Again, Plaintiff's allegations here are far less specific.  Indeed, Plaintiff does not allege that *any* internal reports diverged from Defendants' statements.  *See* Mot. (Dkt. 70) at 21.

In fact, while the *Dollar General* plaintiffs alleged six of the nine *Helwig* factors (Ex. A at \*7), Plaintiff at most points to two: 3 (closeness in time) and 6 (disregard of the most current factual information).  *See* Opp. (Dkt. 72) at 18 n.16; Reply (Dkt. 74) at 12-13.  And on Factor 6, *Dollar General* rejected the exact argument Plaintiff makes here, holding plaintiffs failed to

2

specify "what *particular* [most recent] factual information Defendants disregarded" when making statements.  Ex. A at *15 (emphasis added); *see* Reply (Dkt. 74) at 12-13 (citing Opp. at 19, 21) (assuming Defendants are "aware of matters central to Holley's business" based on their alleged access to unidentified internal reports).

In the end, the *Dollar General* court found that plaintiffs failed to allege facts that, reviewed holistically, gave rise to a strong inference of scienter as plausible as the non-culpable inference: "that, as the Company emerged from the pandemic, and demand shifted, and as the Company addressed some operational challenges it disclosed over time, the stock price dropped—without any of the defendants intentionally or recklessly making false or misleading statements or trading on inside information." Ex. A at *15.  The Court should dismiss Plaintiff's Complaint for similar reasons.  *See* Mot. (Dkt. 70) at 20-25; Reply (Dkt. 74) at 11-15.

Dated: July 10, 2025

Respectfully submitted,

/s/ *Sean M. Berkowitz*

Sean M. Berkowitz (*pro hac vice*)
Eric R. Swibel (*pro hac vice*)
Nicholas J. Siciliano (*pro hac vice*)
Renatta A. Gorski (*pro hac vice*)
Latham & Watkins LLP
330 North Wabash Street, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
Facsimile: 312.993.9767
Email: sean.berkowitz@lw.com
　　　eric.swibel@lw.com
　　　nicholas.siciliano@lw.com
　　　renatta.gorski@lw.com

Michele D. Johnson (*pro hac vice*)
Latham & Watkins LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: 714.540.1235

Facsimile: 714.755.8290
Email: michele.johnson@lw.com

Michael P. Abate
Kaplan Johnson Abate & Bird LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
Telephone: 502.540.8280
Email: mabate@kaplanjohnsonlaw.com

*Attorneys for Defendants Holley Inc., Tom Tomlinson, Dominic Bardos, and Vinod Nimmagadda*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2025, I electronically filed the foregoing document with the Court via CM/ECF, which will automatically send notice and a copy of same to counsel of record via email.

/s/ *Sean M. Berkowitz*
Sean M. Berkowitz