UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00148-GNS

CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated — PLAINTIFF

v.

HOLLEY INC. f/k/a EMPOWER LTD. et al. — DEFENDANTS

# ORDER

This matter is before the Court on Plaintiff's Motion for Status Conference (DN 69) and Defendants' Motion to Dismiss (DN 70). The motions are ripe for adjudication.

## I. BACKGROUND

Plaintiff City of Fort Lauderdale General Employees' Retirement System ("The Retirement System") filed this putative class action, as Lead Plaintiff, on behalf of itself and all others similarly situated under the Private Securities Litigation Reform Act of 1995 ("PSLRA") against Defendants Dominic Bardos ("Bardos"), Vinod Nimmagadda ("Nimmagadda"), Tom Tomlinson ("Tomlinson") (collectively, "Defendants"). (Suppl. Am. Compl. ¶¶ 1-19, DN 68). All of the moving Defendants served as corporate officers of Holley Inc. f/k/a Empower Ltd. ("Holley"). (Suppl. Am. Compl. ¶¶ 23-26). Holley is a named defendant but does not move to dismiss nor join in Defendants' motion to dismiss. In its last Order, the Court permitted The Retirement System to file its Supplemented Amended Complaint, and Defendants now move to dismiss it. (Mem. Op. & Order, DN 67; Defs.' Mot. Dismiss, DN 70).

## II. JURISDICTION

This Court has jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III. DISCUSSION

### A. Motion for Status Conference

The Retirement System has moved for the Court to set a status conference in this matter. Consistent with this Court's practice, this matter will be referred to a Magistrate Judge for a Rule 16 scheduling conference. Accordingly, this motion is denied as moot.

### B. Motion to Dismiss[1]

Defendants seek to dismiss the Supplemented Amended Complaint. This motion is a second challenge to the sufficiency of the allegations in the Supplemented Amended Complaint. (Defs.' Mot. Dismiss 8-9, DN 70). Defendants opposed Plaintiff's motion for leave to amend, arguing that the claims asserted—including the claims against Defendants—would be futile and did not comply with Fed. R. Civ. P. 9. (Defs.' Resp. Pl.'s Mot. Leave File Supplemented Am. Compl. 6-14, DN 56). Defendants now seek to challenge the sufficiency of the Supplemented Amended Complaint under Fed. R. Civ. P. 12(b)(6).

The standard for futility and for reviewing a Fed. R. Civ. P. 12(b)(6) motion is identical. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). As a result, Defendants' Fed. R. Civ. P. 12(b)(6) motion is effectively a motion to reconsider the Memorandum Opinion and Order granting the motion for leave to file the Supplemented Amended Complaint.

[1] In the briefing on this pending motion, the parties' submissions do not comply with LR 7.1(d) because the motion (34 total pages) and response (33 total pages) are longer than 25 pages. A party *must* seek leave from the Court for any filing exceeding that page limitation. *See* LR 7.1(d); *see also* LR 5.2 (requiring text (including footnotes) to be in at least 12-point proportionately-spaced font).

Such motions are disfavored and sparingly granted because they waste judicial resources. *See United States v. Leedy*, 345 F. Supp. 3d 941, 954-55 (S.D. Ohio 2018) (citation omitted); *U.S. ex rel. Am. Textile Mfrs. Inst., Inc. v. The Ltd., Inc.*, 179 F.R.D 541, 547 (S.D. Ohio 1997) (citations omitted). "It is not the function of a motion to reconsider to renew arguments already considered and rejected by the court." *Kammer v. LeafFilter N., LLC*, No. 1:19 CV 1861, 2020 WL 13444242, at *1 (N.D. Ohio Jan. 16, 2020) (quoting *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)). Likewise, to the extent that Defendants now raise new arguments that could have been asserted in opposing Plaintiff's motion for leave to amend, the Court declines to consider those arguments now. *See United States v. Canal Barge Co.*, No. 4:07CR-12-JYM, 2009 WL 541267, at *2 (W.D. Ky. Mar. 4, 2009) (citations omitted).

The Supplemented Amended Complaint sets forth two claims under federal securities laws. (Suppl. Am. Compl. ¶¶ 279-288). To state a claim pursuant to Section 10(b) and Rule 10b-5 of the Exchange Act (Count I), "a plaintiff must allege, in connection with the purchase or sale of securities, the misstatement or omission of a material fact, made with scienter, upon which the plaintiff justifiably relied and which proximately caused the plaintiff's injury." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 681 (6th Cir. 2004) (citation omitted). Section 10b-5(b) makes it unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading . . . ." 17 C.F.R. § 240.10b-5(b). Section 20(a) of the Exchange Act (Count II) creates a cause of action for "control person" liability and has two requirements: [t]he "controlled person" must have violated "an underlying violation of the securities laws or the rules and regulations promulgated thereunder[,]" and the "controlling person" must have directly or indirectly controlled the person liable for the securities law violation. *PR Diamonds, Inc.*, 364

F.3d at 696 (citation omitted). "Control" is "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." 17 C.F.R. § 230.405.

**1. *Fed. R. Civ. P. 9(b)***

The Retirement System's claims sound in fraud, so its pleadings must meet the heightened pleading standard of Fed. R. Civ. P. 9(b). *Ind. State Dist. Council of Laborers & Hod Carrier Pension & Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942 (6th Cir. 2009). "Successfully pleading an actionable material misrepresentation or omission requires a plaintiff to allege facts demonstrating two things: (1) that a defendant made a statement or omission that was false or misleading; and (2) that this statement or omission concerned a material fact." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 470 (6th Cir. 2014). Additionally, fraud claims must meet Rule 9(b)'s heightened pleading standard that requires a plaintiff "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Rule 9(b) mandates a plaintiff "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (citing *Omnicare*, 583 F.3d at 942-43). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Defendants' main argument is the Supplemented Amended Complaint fails to properly allege actionable statements with the requisite level of falsity. (Defs.' Mot. Dismiss 14-16). Specifically, Defendants asserts that The Retirement System fails to allege particularized falsity to meet the requisite level of specificity for Holley's statements regarding acquisitions, direct-to-consumer ("DTC") sales, statements about Holley's continued financial performance, and

statements on the status of reseller relationships. (Defs.' Mot. Dismiss 14-27). This argument is not well-taken, and each of these arguments fail for the reasons below.

Beginning with the acquisition statements, The Retirement System alleges company leaders like Tomlinson boasted about company growth "driven by strong consumer demand" in August 2021. (Suppl. Am. Compl. ¶¶ 124-131). The statements are clearly attributed to Tomlinson, Bardos, and Nimmagadda speaking on behalf of the company. (Suppl. Am. Compl. ¶ 126). The acquisitions' stated purpose included expanding the "brand portfolio" and entering new product markets among other purposes and maintained there was "solid progress." (Suppl. Am. Compl. ¶¶ 194, 197, 199, 202, 204). The Retirement System alleges these representations proved to be misleading despite assurances from Defendants and other company leadership, leading to an incorrect, artificial price. (Suppl. Am. Compl. ¶¶ 202, 204). The Retirement System makes allegations describing why these statements were false, alleging that Holley was experiencing a "channel conflict," and failed to follow the "minimum advertised pricing" ("MAP") that ultimately hid and failed to account for the loss in business with resellers and distributors comprising the vast majority of Holley's sales. (Suppl. Am. Compl. ¶¶ 6, 134). These new allegations also provide sufficient details regarding Stevenson's alleged corrections to past representations during multiple quarterly updates in 2024 in order to support that these prior statements were misleading or false at the time they were made. (Suppl. Am. Compl. ¶¶ 109-112).[2] Defendants' motion is denied as to this argument.

[2] Not only are these allegations sufficient, Defendants argue that the statements should be viewed as "non-actionable corporate optimism," which is inappropriate at the 12(b)(6) motion stage; the allegations need only be "plausible on [their] face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Next, Holley promised DTC sales would lead to "highly profitable, high margin growth" without risking existing reseller relationships, which The Retirement System purports to have been untrue. (Suppl. Am. Compl. ¶¶ 38-39, 61-63). The Supplemented Amended Complaint also references Holley's own language from its Form S-4 from April 2021 that detailed expanding DTC sales and engaging with customers. (Suppl. Am. Compl. ¶¶ 61-63, 113-123, 134). The Retirement System provides various reasons explaining why these statements were false or misleading because Holley undermined its other profitable relationships by pursuing discounted DTC sales, among other factors that ultimately hurt revenue and were financially unsustainable. (Suppl. Am. Compl. ¶¶ 61-63, 113-123, 134). The Retirement System has pleaded the requisite level of falsity needed to survive dismissal by listing the statements and providing reasons why they were misleading or false.

The Retirement System's allegations about Holley's financial performance statements are also plead with the required level of specificity despite Defendants' assertions to the contrary that, on the merits, the statements were correct. (Defs.' Mot. Dismiss 19-21). The Retirement System correctly clarifies that it does not contest the accuracy of the financial statements but rather that their misleading nature contributed to harm to securities holders in many instances. (Pl.'s Resp. Defs.' Mot. Dismiss 18-19, DN 72; *see* Suppl. Am. Compl. ¶¶ 123, 134, 145, 152, 160, 174, 191, 204). Further, the allegations need only be "plausible on its face" to survive a motion to dismiss; it does not reach the merits of the claims. *Twombly*, 550 U.S. at 555-57. Defendants' motion is denied as to the financial performance statement.

Finally regarding the statements about the state of existing reseller relationships, Defendants first contest The Retirement System's failure properly to allege falsity with particularity even with respect to the confidential witnesses. (Defs.' Mot. Dismiss 14-15). The

Retirement System utilizes confidential witnesses in its Supplemented Amended Complaint to bolster its argument that Defendants damaged reseller relationships because these witnesses communicated with resellers or carried out the strategy implemented by Defendants, seeing the harm firsthand. (Suppl. Am. Compl. ¶¶ 44-58). "[P]laintiffs may rely on confidential witnesses if they plead facts with sufficient particularity to support the probability that a person in the confidential witness's position would possess the information alleged." *Doshi v. Gen. Cable Corp.*, 823 F.3d 1032, 1037 n.2 (6th Cir. 2016) (citation omitted). Here, the Retirement System has met this burden. The Supplemented Amended Complaint contains adequate details to survive the dismissal stage: the allegations list the backgrounds for all confidential witnesses, their individual connections to how they learned of the false or misleading statements, and why they believed Holley undercut and undermined relationships with its resellers and other business partners. (Suppl. Am. Compl. 16 nn.3-5, 17 n.6, ¶¶ 44-58). Defendants' motion to dismiss is denied as to the statements about reseller relationships.

Defendants also raise The Retirement System's apparent failure to allege falsity with particularity as to Stevenson's later statements. (Defs.' Mot. Dismiss 21). The Supplemented Amended Complaint includes Stevenson's statements explaining Holley's revised strategy after a financial decline which contradicted prior representations to support the falsity of the original statements. (Suppl. Am. Compl. ¶¶ 109-112, 160, 221-230). The Court already addressed Stevenson's statements and to the extent that Defendants raise the same arguments or new arguments that could have been asserted in its prior motion, the Court denies Defendants' motion as to Stevenson's statements and the reseller statements. (Mem. Op. & Order 6-7); *see Canal Barge Co.*, 2009 WL 541267, at *2 (citations omitted). Like its prior arguments, Defendants raise arguments regarding the merits of the asserted claims such as assessing whether the statements

were "corporate optimism" or that the PSLRA safe harbor applies. (Defs.' Mot. Dismiss 24-27). Again, the allegations only must be "plausible on [their] face." *Twombly*, 550 U.S. at 570. The motion is also denied as to these additional arguments.

**2. *Scienter***

The Supplemented Amended Complaint includes the allegations of falsity and scienter, as required for a prima facie case as to these claims. (Suppl. Am. Compl. ¶¶ 280-281, 287-288). To begin, Defendants argue that these allegations are insufficient, and the factors articulated in *Helwig v. Vencor, Inc.*, 251 F.3d 540 (6th Cir. 2001), have not been met. (Defs.' Mot. Dismiss 27-29, 32). Though Defendants' *Helwig* arguments potentially could have been raised in the prior motion, the Court will address them now. *Canal Barge Co.*, 2009 WL 541267, at *2 (citations omitted). The Sixth Circuit has recognized a non-exhaustive list of factors for courts to utilize when assessing whether or not scienter has been sufficiently plead:

> (1) insider trading at a suspicious time or in an unusual amount;
> (2) divergence between internal reports and external statements on the same subject;
> (3) closeness in time of an allegedly fraudulent statement or omission and the later disclosure of inconsistent information;
> (4) evidence of bribery by a top company official;
> (5) existence of an ancillary lawsuit charging fraud by a company and the company's quick settlement of that suit;
> (6) disregard of the most current factual information before making statements;
> (7) disclosure of accounting information in such a way that its negative implications could only be understood by someone with a high degree of sophistication;
> (8) the personal interest of certain directors in not informing disinterested directors of an impending sale of stock; and
> (9) the self-interested motivation of defendants in the form of saving their salaries or jobs.

*Helwig*, 251 F.3d at 552 (citation omitted). Courts must not view the allegations individually to determine whether or not scienter is adequately plead but rather "must conduct a holistic review of the pleadings." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 441 (6th Cir. 2014). The

PSLRA also provides that "an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Boodram v. Coomes*, No. 1:12CV-00057-JHM, 2015 WL 13728081, at *3 (W.D. Ky. May 27, 2015) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 314 (2007)).

The Court has already discussed the specific allegations at length, and The Retirement System's allegations are sufficient under the *Helwig* analysis. Beginning with the second, third, and sixth factors, the Retirement System alleges Defendants were the highest-ranking corporate officers and directors who devised the allegedly deleterious strategy to the company's financial well-being, utilized access to internal, non-public data with tools like Sightline that showed Holley's financial state, and implemented the strategies that ultimately hurt The Retirement System and other securities holders. (Suppl. Am. Compl. ¶¶ 235-246). Under the first, eighth, and ninth factors, The Retirement System alleges the suspicious coincidence for changes in Holley's leadership and a reduction in Holley's share price or otherwise negative development of public knowledge. (Suppl. Am. Compl. ¶¶ 59-60, 100-106, 176-179). The Supplemented Amended Complaint further raises the temporal proximity between past Holley leadership's alleged misstatements and the subsequent disclosures and new Holley leadership's statements contradicting or correcting these prior statements. (Suppl. Am. Compl. ¶¶ 176-179, 204-218, 221, 223, 227-232). Applying the holistic review, The Retirement System has properly plead detailed allegations of Defendants' scienter required at this phase of the litigation. *See Kuyat*, 747 F.3d at 441. Defendants' motion to dismiss as to this argument is denied.

Defendants contend that even if Plaintiffs properly alleged scienter, the "more compelling inference" is that Defendants acted with good faith and not fraud. (Defs.' Mot. Dismiss 32). The

Court does not draw such inferences at this stage because they go beyond whether the allegations are "plausible on [their] face." *Twombly*, 550 U.S. at 555-57. At the dismissal stage, all well-pleaded allegations must be viewed as true and construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Defendants' other counterarguments that The Retirement System's supplemental allegations fail to show intent or additional support for the claims are wholly without merit. (Defs.' Mot. Dismiss 27, 29-31). These supplements provide necessary factual support for the allegations that Holley acted unlawfully. (Pl.'s Mot. Leave Suppl. Am. Compl. 5). The Court already determined in its prior Order that the Retirement System properly alleged scienter as well as the control element in Section 20(a). (Mem. Op. & Order 7; Suppl. Am. Compl. ¶¶ 109-122, 124-133, 135-144, 146-151, 153-159, 161-173, 175-190, 192-203). The Court is not required to reviewed arguments already considered and rejected or which could have been raised in opposition to the initial motion to amend. *Kammer*, 2020 WL 13444242, at *1 (citation omitted); *Canal Barge Co.*, 2009 WL 541267, at *2 (citations omitted). Defendants' motion to dismiss the claims requiring scienter is denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Status Conference (DN 69) is **DENIED AS MOOT**.

2. Defendants' Motion to Dismiss (DN 70) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

August 29, 2025

cc: counsel of record