BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
DAVID GARRISON (KY Bar No. 98258)
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2202
dgarrison@barrettjohnston.com

Local Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

AT BOWLING GREEN

| | |
|---|---|
| CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>   vs.<br><br>HOLLEY INC., et al.,<br><br>                  Defendants. | Civil Action No. 1:23-cv-00148-GNS<br><br>CLASS ACTION<br><br>**AGREED CONFIDENTIALITY AND RULE 502(d) ORDER** |

The Parties[1] recognize that it may be necessary to disclose certain confidential information during the course of this litigation. As a result, the Parties desire limiting disclosure and preventing use of such information for any purposes other than the prosecution and defense of this litigation. In addition, the Parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for and entry of this Agreed Confidentiality and Rule 502(d) Order ("Order"); accordingly, it is ORDERED:

### 1.    Scope

All materials produced or adduced in the course of discovery in the above-captioned action, *City of Fort Lauderdale Gen. Emps.' Ret. Sys. v. Holley Inc.*, No. 1:23-cv-00148-GNS, including, but not limited to, initial disclosures, responses to discovery requests, deposition testimony and exhibits, information or documents disclosed, provided, or produced by a party, and information derived directly therefrom (collectively, "Discovery Material"), shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Nothing herein shall be construed as an admission or concession by a designating party that any Confidential Material (as defined below) constitutes relevant, material, or admissible evidence in this matter.

### 2.    Confidential Discovery Material

As used in this Order, "Confidential Discovery Material" means information designated as "Confidential" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or that is required to be kept confidential

---

[1]    Collectively, the Parties are Lead Plaintiff City of Fort Lauderdale General Employees' Retirement System and Defendants Holley Inc., Tom Tomlinson, Dominic Bardos, and Vinod Nimmagadda.

- 1 -

pursuant to any law or regulation;  (b) information that is competitively sensitive or commercially sensitive, including, but not limited to, research, analysis, technical, commercial, sales, business development, marketing, or financial information that the producing party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (f) personnel or employment records of a person who is not a party to this action; (g) information that the producing party is under a preexisting contractual or other obligation to a third party to treat as confidential; or (h) any other category of information given confidential status by the Court.

**3.    Highly Confidential Discovery Material**

As used in this Order, "Highly Confidential Discovery Material" means information the producing party in good faith reasonably believes is proprietary or competitively sensitive information, such as product designs, formulas, pricing information, or other highly sensitive information, the disclosure of which to third parties, such as third party competitors, is substantially likely to cause commercial harm to the producing party.  Any information derived from Highly Confidential Discovery Material also constitutes Highly Confidential Discovery Material to the extent the derived information embodies, contains, or discloses any Highly Confidential Discovery Material.  Unless otherwise specified, provisions in this Order regarding "Confidential Discovery Material" shall also encompass "Highly Confidential Discovery Material."

**4.    Designation**

(a)    A party may designate Discovery Material as Confidential or Highly Confidential for protection under this Order by placing or affixing the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, on the document and on all copies in a manner that will not interfere with the legibility of the document, or, with respect to documents produced in

- 2 -

native format, by producing a one-page tagged image file format place-holder stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Discovery Material or Highly Confidential Discovery Material. The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be applied prior to or at the time the Discovery Material is produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked Confidential Discovery Material or Highly Confidential Discovery Material and do not otherwise disclose the substance of the Confidential or Highly Confidential Discovery Material are not required to be marked.

(b)    The designation of Discovery Material as Confidential is a certification by an attorney or a party appearing *pro se* that the Discovery Material contains Confidential information as defined in this Order.[2]

(c)    Discovery Material that is available to the public or in the public domain may not be designated as Confidential and shall not be deemed or considered to be Confidential Discovery Material under this Order.

---

[2]    An attorney who reviews and designates Discovery Material as Confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the Western District of Kentucky. By designating Discovery Material as Confidential or Highly Confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

5.    **Depositions**

Unless all Parties agree on the record at the time the deposition testimony is taken to some other designation, all deposition testimony taken in this action shall be treated as Confidential Discovery Material until the expiration of the following: no later than the 30th day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony (and exhibits thereto) that are designated Confidential Discovery Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

6.    **Protection of Confidential Discovery Material**

(a)    **General Protections**.  Unless otherwise agreed by the Parties, Confidential Discovery Material shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  Confidential Discovery Material may be disclosed only to the Court-ordered Lead Plaintiff and not to any other member of the putative or certified class. Counsel for the Parties shall exercise reasonable care to ensure that the information and documents governed by this Order are: (i) used only for the purpose specified herein; and (ii) disclosed only to authorized persons.  Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information in this action or to documents publicly filed.

(b)    **Disclosure of Confidential Discovery Material**.  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Discovery Material to any third person or entity except as set forth in subparagraphs (i)-(x).  Subject to these

- 4 -

requirements, the following categories of persons may be allowed to review Confidential Discovery Material:

(i)    **Counsel**.   Counsel retained for this action and the paralegals, employees, and other staff of such counsel who have responsibility for this action.  In the event that the designating party is a non-party to this litigation, all counsel of record to the Parties in this litigation may be allowed to review Confidential Discovery Material without limitations to sub-paragraphs (ii)-(x).

(ii)    **Parties**.  The Parties to this action, including, as to any corporate party, its directors, officers, employees (including in-house counsel), insurers, and agents to whom disclosure is reasonably necessary.

(iii)    **The Court and Its Personnel**.

(iv)    **Court Reporters and Vendors**.  Court reporters and recorders engaged for depositions and other professional vendors to whom disclosure is reasonably necessary for this action.

(v)    **Document Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

(vi)    **Consultants and Experts**.  Consultants, investigators, or experts, along with their staff, employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(vii)    **Witnesses at Depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of

- 5 -

Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(viii)  **Author or Recipient**.  The author or recipient of the Confidential Discovery Material (not including a person who received the document in the course of litigation).

(ix)  **Mediator**.  Any mediator or other person engaged for the purpose of alternative dispute resolution of this action.

(x)  **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)  **Disclosure of Highly Confidential Discovery Material**.  Highly Confidential Discovery Material may be disclosed to those identified in Sections 6(b)(i), (iii)-(vi), and (viii)-(x), as well as, for each party, three designated in-house attorneys representing the party in this proceeding and one designated non-attorney employee of Lead Plaintiff, but in each instance, only after signing a copy of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.  Highly Confidential Discovery Material may also be shown to witnesses at depositions, as identified in Section 6(b)(vii), provided that: (i) such witnesses shall not retain a copy of any documents containing Highly Confidential Discovery Material provided to them during their deposition; and (ii) such witnesses may not be shown any Highly Confidential Discovery Material until they signed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound and have verbally confirmed on the deposition record that they agree to be bound by the obligations in Attachment A.

(d)    **Storage of Confidential Discovery Material**.  A receiving party shall use its best efforts to ensure that Confidential Discovery Material is stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

7.    **Non-Parties**

Non-parties who are requested to produce Discovery Material or provide testimony in this action may avail themselves of the provisions of this Order and may designate and produce Discovery Material as Confidential in accordance with its provisions without further action by the Court.

8.    **Control of Discovery Material**

Every person to whom Confidential Discovery Material is to be disclosed under subparagraphs (ii), (iv)-(vii), and (ix)-(x) of paragraph 6 above shall be advised that the Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Order. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Discovery Material.  If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person not authorized under this Order, the receiving party must use reasonable efforts to: (a) retrieve all copies or obtain a certification of destruction of the Confidential Discovery Material; (b) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order (which can be accomplished by providing a copy of this Order); and (c) inform the designating party of the disclosure.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of this action.

- 7 -

**9.        Inadvertent Failure to Designate**

An inadvertent failure to designate Discovery Material as Confidential or Highly Confidential does not, standing alone, waive the right to so designate the document; provided, however, that a claim of confidentiality is asserted promptly after actual discovery of the inadvertent failure, and a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates Discovery Material as Confidential or Highly Confidential after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential, except that a party may be found to have violated this Order if the party fails to maintain the confidentiality of deposition testimony taken in this action during the period before the designation expiration date set forth in paragraph 5.

**10.       Disclosure of Confidential or Highly Confidential Information
           Covered by Attorney-Client Privilege or Work Product**

Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, including, but not limited to, information or documents that may be considered Confidential or Highly Confidential under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must destroy it upon request to

- 8 -

the producing party.  Upon receiving such a request as to specific information or documents, the receiving party must destroy the information or documents within ten days, may not use or disclose the privileged material or information contained therein, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. To the extent the producing party claimed the privileged material should have been produced in redacted form, the producing party shall produce a redacted replacement copy within ten days of providing notice of the inadvertent production or disclosure.  If the receiving party disclosed the privileged material before being notified of the inadvertent production, it must take reasonable steps to retrieve it.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  Although the provisions of this section constitute an Order pursuant to Rule 502(d)-(e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.  In the event of a contested assertion of privilege or protection over produced Discovery Material that cannot be resolved amicably after meeting and conferring in good faith pursuant to L.R. 37.1, either party may bring the contest to the attention of the Court by motion.

## 11.    Filing of Confidential Information

This Order does not, by itself, authorize the filing of any Discovery Material under seal. Any party wishing to file Confidential Discovery Material in connection with a motion, brief, or other submission to the Court must comply with L.R. 5.6, Filing Documents Under Seal.

**12.     No Greater Protection of Specific Documents**

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless by agreement of the Parties, or absent agreement, if the party moves for an order providing such special protection.

**13.     Challenges by a Party to Designation as Confidential or Highly Confidential**

The designation of any Discovery Material as Confidential or Highly Confidential is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)     **Meet and Confer**.  A party challenging the designation of Discovery Material as Confidential or Highly Confidential must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five business days. The Parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation.

(b)     **Judicial Intervention**.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  For the avoidance of doubt, the challenging party's motion or application regarding the challenged material shall be filed under seal and identify with specificity the Confidential Discovery Material that is the subject of the motion.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-

- 10 -

and-confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all Parties shall continue to treat the Discovery Material as Confidential or Highly Confidential under the terms of this Order.

### 14.      Action by the Court

Applications to the Court for an order relating to Discovery Material designated as Confidential or Highly Confidential shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

### 15.      Use of Confidential Discovery Material at Hearing or Trial

Nothing in this Order shall be construed to affect the use of any Discovery Material at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential Discovery Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Discovery Material.  Upon raising the issue, and if reasonably possible, the Parties shall meet and confer and promptly inform the Court whether the Parties propose an agreed way to produce or redact the Confidential Discovery Material so that the material may be offered or otherwise used by any party.  The Court may thereafter make such orders as are necessary to govern the use of such Confidential Discovery Material at trial.

### 16.      Confidential Discovery Material Subpoenaed or Ordered Produced in Other Litigation

(a)      If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material designated in this action as Confidential or Highly Confidential, the receiving party must so notify the designating party, in

- 11 -

writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this action an opportunity to try to protect its Confidential Discovery Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Discovery Material by the other party to this action.

### 17.     Challenges by Members of the Public to Sealing Orders

A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

### 18.     Obligations on Conclusion of Litigation

(a)     **Order Continues in Force**. Even after the termination of this action, unless otherwise agreed or ordered, this Order shall remain in force until a designating party agrees otherwise in writing.

(b)     **Obligations at Conclusion of Litigation**. Unless otherwise ordered or agreed to in writing by the producing party, within 60 days after dismissal or entry of final

judgment not subject to further appeal, all Discovery Material designated as Confidential or Highly Confidential under this Order, including copies as defined in paragraph 4(a), shall be returned to the producing party, or destroyed, at the receiving party's discretion.  In either case, the receiving party agrees it will not keep copies of any Confidential Discovery Material.  At that time, each receiving party will certify to the producing party via email that they have complied with this paragraph. This paragraph does not require the return or destruction of Confidential Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Material, but such retained information shall continue to be treated in accordance with the Order and destroyed in due course.

(c)     **Retention of Work Product and Archival Copy**.  Notwithstanding the above requirements to return or destroy documents, counsel may retain: (i) attorney work product, including an index that refers or relates to designated Confidential Discovery Material so long as that work product does not duplicate verbatim substantial portions of Confidential Discovery Material; and (ii) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Discovery Material shall continue to be protected under this Order.

(d)     **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System**.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**19.     Order Subject to Modification**

This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

- 13 -

**20.     No Prior Judicial Determination**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any Discovery Material by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**21.     Persons Bound**

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, future parties in this action (including their respective corporate parents, subsidiaries, affiliates, successors, and attorneys and all other representatives or agents), their counsel, all signatories to Attachment A, and persons made subject to this Order by its terms. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**22.     Non-waiver**

The production of Discovery Materials by a party under the terms of this Order shall not be construed to mean that the producing party has waived any objection to the relevancy or admissibility of such Discovery Material.  This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable.

IT IS SO ORDERED.

DATED:   November 6, 2025

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

- 14 -

DATED:  November 5, 2025

ROBBINS GELLER RUDMAN &
   DOWD LLP
ROBERT J. ROBBINS (admitted *pro hac vice*)
ELIZABETH A. SHONSON (admitted *pro hac vice*)
SABRINA E. TIRABASSI (admitted *pro hac vice*)
ANDREW T. REES (admitted *pro hac vice*)
ALEX KAPLAN (admitted *pro hac vice*)


*/s/ Robert J. Robbins*
ROBERT J. ROBBINS

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33423
Telephone:  561/750-3000
rrobbins@rgrdlaw.com
eshonson@rgrdlaw.com
stirabassi@rgrdlaw.com
arees@rgrdlaw.com
akaplan@rgrdlaw.com

Lead Counsel for Lead Plaintiff

BARRETT JOHNSTON MARTIN
   & GARRISON, LLC
DAVID GARRISON (KY Bar No. 98258)
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2202
dgarrison@barrettjohnston.com

Local Counsel

DATED:  November 5, 2025

LATHAM & WATKINS LLP
SEAN M. BERKOWITZ (*pro hac vice*)
ERIC R. SWIBEL (*pro hac vice*)
NICHOLAS J. SICILIANO (*pro hac vice*)
RENATTA A. GORSKI (*pro hac vice*)


*/s/ Sean M. Berkowitz (with permission)*
SEAN M. BERKOWITZ

- 15 -

330 North Wabash Street, Suite 2800
Chicago, IL  60611
Telephone:  312/876-7700
sean.berkowitz@lw.com
eric.swibel@lw.com
nicholas.siciliano@lw.com
renatta.gorski@lw.com

LATHAM & WATKINS LLP
MICHELE D. JOHNSON (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626
Telephone:  714/540-1235
michele.johnson@lw.com

KAPLAN JOHNSON ABATE & BIRD LLP
MICHAEL P. ABATE
710 West Main Street, 4th Floor
Louisville, KY  40202
Telephone: 502/540-8280
mabate@kaplanjohnsonlaw.com

Attorneys for Defendants Holley Inc., Tom
Tomlinson, Dominic Bardos, and Vinod
Nimmagadda

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she/it has read the Agreed Confidentiality and Rule 502(d) Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Western District of Kentucky in matters relating to the Agreed Confidentiality and Rule 502(d) Order and understands that the terms of the Agreed Confidentiality and Rule 502(d) Order obligate him/her/it to use Discovery Material designated as Confidential in accordance with the Agreed Confidentiality and Rule 502(d) Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Discovery Material to any other person, firm, or concern.

The undersigned acknowledges that violation of the Agreed Confidentiality and Rule 502(d) Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

DATED: _____

_____
SIGNATURE