**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | | |
|---|---|---|
| **CITY OF FORT LAUDERDALE** | : | |
| **GENERAL EMPLOYEES'** | : | |
| **RETIREMENT SYSTEM,** | : | |
| | : | **Case No. 1:23-cv-00148** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Judge Greg N. Stivers** |
| | : | |
| **HOLLEY INC.** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## NON-PARTY JEG'S HIGH PERFORMANCE'S  MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 45(d)(3), non-party Jeg's High Performance ("Jegs"), by and through its undersigned counsel, hereby moves this Court to quash the subpoena issued by Plaintiff City of Fort Lauderdale General Employees' Retirement System ("Plaintiff"). Compliance with the subpoena poses an undue burden on Jegs, who is not a party to the underlying litigation. Alternatively, Jegs requests that the Court issue a protective order that the discovery sought in the subpoena should not be had until Plaintiff has exhausted efforts to obtain documents from the parties. Jegs certifies that it has in good faith conferred with Plaintiff in an effort to resolve this dispute and avoid intervention by this Court.

Respectfully submitted,

*/s/ Nathaniel Uhl*
Nathaniel Uhl (Ky. Bar No. 92969)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282
Telephone: (317) 236-2383
nate.uhl@icemiller.com

***Counsel for Non-Party Jeg's High Performance***

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On or around February 2, 2026, Plaintiff issued a subpoena *duces tecum* ("Subpoena") to Jegs seeking documents responsive to twenty-one requests. A true and accurate copy of the Subpoena is attached hereto as **Exhibit A**. The Subpoena requires Jegs to produce broad categories of documents, including electronically stored information, that likely are in the possession of the parties to the litigation and/or seek highly sensitive financial information whose relevance is disputed. Among these broad categories of documents are requests for contracts and agreements with Defendant Holley Inc. ("Holley"), documents and communications with Holley, reports or metrics between Jegs and Holley, and sales forecasts between Jegs and Holley, and "all documents and communications" concerning Jegs' performance related to Holley's products.

The underlying dispute is between Plaintiff and Holley/other Defendants. The Subpoena largely seeks documents and communications relating to Jegs' purported business relationship with Holley, which should be in Holley's possession. On February 5, 2026, Jegs' corporate counsel contacted Plaintiff's counsel to request additional time to respond to the Subpoena. Plaintiff's counsel stated that if Jegs anticipated producing documents, Jegs could have an extension until April 17, 2026 and otherwise provided an extension up to and including March 25, 2026, to serve Jegs' written responses. A true and accurate copy of this correspondence is attached hereto as **Exhibit B**.

On February 27, 2026, Jegs' corporate counsel sent a letter to Plaintiff's counsel outlining Jegs' overall objections to the Subpoena as imposing undue burden and offered to meet and confer regarding Jegs' position before filing this Motion. Jegs also offered to defer its response to the Subpoena for six (6) months, to see if Plaintiff could obtain the requested documents from the named parties.  Jegs offered that if Plaintiff is unable to do so in six months, Jegs will meet and

confer with Plaintiff to narrow the requests. A true and accurate copy of this correspondence is attached hereto as **Exhibit C**. Jegs' counsel spoke with Plaintiff's counsel via telephone on March 2, 2026, where Plaintiff's counsel stated that the parties are early in the discovery process. Jegs' counsel also spoke with Plaintiff's counsel via telephone on March 3, 2026, to determine whether the parties could agree on a deferral.

Plaintiff's counsel and Jegs' corporate counsel met and conferred in good faith but were unable to resolve this dispute.  Although Plaintiff has agreed to an extension of March 25, 2026, in an abundance of caution, Jegs files this Motion in connection with the original response date of March 4, 2026.

## II.    LAW & ARGUMENT

### A.    Compliance with the Subpoena Would Result in Undue Burden, and Therefore the Subpoena Must Be Quashed.

Federal Rule of Civil Procedure 45(d)(1) requires a party or attorney who issues and serves a subpoena to "take *reasonable steps* to avoid imposing undue burden or expense on a person subject to the subpoena." (emphasis added). Courts must enforce the issuing party or attorneys' duty and impose appropriate sanctions, including reasonable attorneys' fees, for failure to comply. Civ. R. 45(d)(1). The Court must quash or modify any subpoena that subjects a person to undue burden. Civ. R. 45(d)(3). When determining whether compliance with a subpoena imposes an undue burden, courts will balance four competing factors – (1) relevance; (2) need; (3) confidentiality; and (4) harm. *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-cv-208, 2017 WL 6940735, at *3 (W.D. Ky. Aug. 21, 2017) (internal citations omitted). The main objective is the balance of the "need for discovery against the burden imposed on the person ordered to produce documents," taking into consideration the status of the subpoenaed entity as a non-party. *Graham*

*Packaging Co., L.P. v. Indorama Ventures AlphaPet Holdings, Inc.*, No. 3:24-cv-8, 2024 WL 4593866, at *4 (W.D. Ky. Oct. 28, 2024) (granting the motion to quash due to undue burden).

Compliance with the Subpoena's twenty-one document requests that span over a four-and a-half-year period would undoubtedly result in undue burden on Jegs, a non-party to this lawsuit. Consideration of the first factor, relevance, weighs in favor of quashing the Subpoena or at the worst, is neutral. Jegs disputes the relevance of Subpoena requests seeking "all documents and communications" relating to Jegs' highly sensitive financial information. It is unclear why Jegs' financial information, as opposed to the parties' own financial information, is relevant to the parties' claims and defenses.

The second factor, Plaintiff's need for this information, weighs heavily in favor of quashing the Subpoena. Under Civil Rule 26(b)(2)(C)(i), the Court can limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or *can be obtained from some other source that is more convenient, less burdensome, or less expensive.*" (emphasis added). Plaintiff is required to first seek the documents requested in the Subpoena from the parties to the lawsuit before seeking them from third parties like Jegs. The lawsuit is still in its infancy stage as it relates to discovery and, therefore, the requests in the Subpoena, particularly those that should be directed to Holley, are premature.

Many of the Subpoena requests – such as Request 2 (contracts and agreements with Holley), Request 4 (documents and communications with Holley regarding purchasing, pricing, or marketing), Request 8 (reports or metrics provided to or received from Holley), and Request 14 (sales forecasts or projections exchanged with Holley) – seek documents that directly involve Holley and are likely in its possession, should be obtained directly from Holley. Plaintiff must take reasonable steps to exhaust all efforts to obtain these documents from Holley before burdening

Jegs with an overbroad Subpoena. Therefore, Plaintiff has not demonstrated that it needs the documents from Jegs prior to obtaining them from the parties to the lawsuit.

The third factor, confidentiality, is neutral at best. The parties have entered into a confidentiality order that would presumably protect any of Jegs' records.

The last factor, harm to Jegs, weighs heavily against Plaintiff. As drafted, Plaintiff's requests are overbroad and impose an undue burden on Jegs in terms of resources and money. The Subpoena contains twenty-one broad requests, seeking documents and electronically-stored information spanning over four and a half years. Searching for and reviewing potentially responsive documents will inevitably require a significant investment in terms of Jegs' employees' time and resources in software searches and document collection to ensure full compliance with the Subpoena. Plaintiff failed to identify custodians in the Subpoena, so as drafted, Plaintiff is asking Jegs to search every employee Jegs employed for four and a half years.

A majority of the requested documents are within the parties' own possession, and therefore, readily available to Plaintiff through the normal course of discovery between the parties. The case is at an early procedural juncture, with the discovery cutoff in a year. Plaintiff has over a year to obtain these documents and cannot take the "easy" path around demanding compliance with party discovery by burdening Jegs. For these reasons, the Subpoena should be quashed.

**B.      Alternatively, if the Subpoena is Not Quashed, the Subpoena Should be Modified and the Court Should Issue a Protective Order.**

If this Court should deny Jegs' Motion to Quash, Jegs requests the Court to issue a protective order that the discovery sought in the subpoena should not be had until Plaintiff has exhausted efforts to obtain documents from the parties. Plaintiff's attempts to require non-parties like Jegs to produce documents in response to the Subpoena will cause undue burden and expense to the extent that these documents should be produced by the parties directly. To the extent that

4

the Court will not grant Jegs' Motion, Jegs moves the Court to modify the Subpoena to remove any requests seeking documents that are likely in the parties' possession, custody, or control.

### III.    CERTIFICATION OF COUNSEL

Pursuant to Local Rule 37.1 and Civil Rules 26 and 45, counsel certifies that it has made a reasonable and good faith effort to attempt to resolve this matter with Plaintiff's counsel prior to filing this motion.  On February 5, 2026, Jegs' counsel contacted Plaintiff's counsel to seek an extension to serve Jegs' objections and responses. Plaintiff's counsel granted an extension of until March 25, 2026, for written responses. Jegs' counsel sent a letter setting forth objections to the Subpoena as imposing undue burden on February 27, 2026.  Jegs' counsel called Plaintiff's counsel on Monday, March 2, 2026, to determine if Plaintiff was amenable to a six-month deferment of the Subpoena's response, as offered in the February 27, 2026, letter. Jegs' counsel and Plaintiff's counsel also spoke on March 3, 2026, to see if they could come to an agreement. As of the date of this filing, Plaintiff and Jegs are unable to resolve this dispute.

### IV.    CONCLUSION

For the reasons stated herein, non-party Jegs High Performance respectfully requests that this Court issue an order quashing the Subpoena in its entirety, or in the alternative, modify the Subpoena and issue a protective order staying Jegs' response until Plaintiff certifies that Defendants are not able to produce the requested documents.

Respectfully submitted,

*Nathaniel Uhl*_____
Nathaniel Uhl (Ky. Bar No. 92969)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Telephone: (317) 236-2383
nate.uhl@icemiller.com

***Counsel for Non-Party Jeg's High Performance***

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March 2026, a true and correct copy of the above

and foregoing has this day been forwarded to all counsel of record via the Court's CM/ECF system.


/s/ Nathaniel Uhl
Nathaniel Uhl

**Counsel for Non-Party Jeg's High Performance**

6