

Arena District | 250 West Street | Suite 700 | Columbus, OH 43215-7509

Chicago   Columbus   DuPage County, Ill.
Indianapolis   New York   Philadelphia   Washington, D.C.

February 27, 2026

WRITER'S DIRECT NUMBER: (614) 462-1069
EMAIL: CATHERINE.STRAUSS@icemiller.com

**Via Electronic Mail**

Alex Kaplan
Robbins Geller Rudman & Dowd LLP
225 Northeast Mizner Boulevard, Suite 720
Boca Raton, Florida 33432
AKaplan@rgrdlaw.com

> **RE:**   ***City of Fort Lauderdale General Employee's Retirement System v. Holley Inc., et al.,*** Case No. 1:23-cv-148, Western District of Kentucky (the "Litigation") Subpoena Duces Tecum to Jeg's High Performance ("Subpoena")

Dear Mr. Kaplan:

As you know, Ice Miller LLP represents Jeg's High Performance ("Jegs") in connection with the above-referenced Subpoena. Please direct any communications to my attention.

On February 2, 2026, Plaintiff City of Fort Lauderdale General Employee's Retirement System ("Plaintiff") issued the Subpoena, achieving service on Jegs on February 4, 2026. Upon receipt, I contacted you to request an extension, and you agreed to provide one until March 25, 2026. Thank you for that courtesy.

Pursuant to Civil Rule 45(d)(2)(B), Jegs submits the following written objections applicable to all Subpoena requests ("Requests"). In short, Plaintiff has not taken reasonable steps under Civil Rule 45(d)(1) to avoid imposing an undue burden or expense on Jegs. Not only are these Requests overbroad, but Plaintiff has not complied with its obligations under Civil Rule 26(b)(2)(C)(i) by not first seeking documents from the parties to the Litigation. We are available for a meet and confer regarding Jegs' objections.

***First***, Plaintiff's Requests are overbroad and impose an undue burden and expense on Jegs. The twenty-one Requests seek broad categories of documents over a span of four and a half years and will require significant investment into ESI and software searches to ensure compliance. Despite broad language in each Request, no custodians from Jegs or Holley are identified. For example, Request No. 6 requests "[a]ll documents and communications concerning Holley's expectations, requirements, and/or policies regarding inventory…" As written, this search literally requires Jegs to search each of its custodians for 4 ½ years.

**EXHIBIT C**

Alex Kaplan
February 27, 2026
Page 2

The Requests also pose an undue burden because they seek highly sensitive financial information whose relevance is disputed. For example, Request 17 demands the production of Jeg's highly sensitive financial information, seeking "all documents and communications" concerning Jeg's financial performance relating to Defendant Holley Inc.'s ("Holley") products. There can be no doubt that Jeg's, as opposed to Holley's, financial information is not relevant to the claims and defenses in this Litigation.

**Second**, Plaintiff should seek, and fully engage in written discovery with Holley, before seeking any, let alone these vast Requests, from a non-party. Even if the Requests are relevant to the claims and defenses in the Litigation, which Jegs does not concede, Plaintiff cannot impose the undue burden Jegs will incur in responding to the Subpoena and collecting responsive documents without first seeking these documents from the parties themselves through Civil Rule 34. Plaintiff demands production of twenty-one separate categories over a span of four and a half years. Responding to each Request requires significant time and resources to have Jegs' employees search its systems for responsive documents, spending an unknown amount of hours. Under any circumstance, the scope requested is disproportionate to the needs of the case, especially given that Jegs is not a party and most of the documents requested are likely in the possession of the parties.

Under Civil Rule 26(b)(2)(C)(i), the Court can limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or *can be obtained from some other source that is more convenient, less burdensome, or less expensive*." (emphasis added). Discovery rules require Plaintiff to seek the documents in the Requests from the parties to the Litigation before seeking them from third parties.

Given that most of these Requests involve Holley, the documents can and should be requested from Holley under Civil Rule 34, or through other options for formal party discovery. It is apparent from the Court's October 31, 2025 scheduling order (ECF No. # 95) that the parties are still in early discovery stages and therefore, this Subpoena is premature. The pretrial fact discovery cutoff is March 5, 2027 – Plaintiff has over a year to seek documents that may be responsive to the Requests from parties to the Litigation. Plaintiff cannot circumvent its obligation to seek these documents from parties by issuing overbroad and burdensome subpoenas to third parties.

It is unclear to Jegs why Plaintiff is seeking documents that are likely in the possession of Holley. Many Requests – such as Request 2 (contracts and agreements with Holley), Request 4 (documents and communications with Holley regarding purchasing, pricing, or marketing), Request 8 (reports or metrics provided to or received from Holley), and Request 14 (sales forecasts or projections exchanged with Holley) – seek documents that should be obtained directly from Holley. These are just a few examples of Requests that should be directed to the parties. Plaintiff has not complied with its discovery obligation under Civil Rule 26 by taking reasonable efforts to avoid imposing undue burden on Jegs requesting these documents from Holley, and therefore, Jegs objects to the Subpoena as a whole.

Jegs proposes that Plaintiff agree to defer its Subpoena for six months, allowing the parties to conduct discovery between themselves. If, after seeking these documents from the named

Alex Kaplan
February 27, 2026
Page 3

parties, Plaintiff is unable to obtain the requested documents, Jegs will meet and confer with Plaintiff to craft narrowed requests.

Jegs reserves all rights to move to quash or modify the Subpoena or move for a protective order as permitted by the Federal Rules of Civil Procedure and reserves all rights to assert further objections to the Subpoena, including but not limited to attorney-client and work product privileges. Jegs reserves any and all rights to supplement these objections and any rights related to contesting the Subpoena.

Are you available on Monday, March 2, 2026 to discuss deferral of the Subpoena for six (6) months? If so, I am available at 614.462.1069.

Thank you for your prompt attention to this matter.

Sincerely,

ICE MILLER LLP

Catherine Strauss