# EXHIBIT B

Case 1:23-cv-00148-GNS-HBB    Document 132-3    Filed 03/24/26    Page 1 of 4 PageID #: 3762

**Alex Kaplan**

| | |
|---|---|
| **From:** | Sabrina Tirabassi |
| **Sent:** | Wednesday, March 4, 2026 7:14 PM |
| **To:** | Alex Kaplan; 'Kishala.Srivastava@icemiller.com'; Catherine.Strauss@icemiller.com |
| **Cc:** | Candyce Thornton |
| **Subject:** | RE: Subpoena to Jeg's High Performance - City of Fort Lauderdale General Employee's Retirement System v. Holley, Inc. et al. |

Hi Kishala –

Thank you for returning my call today. I'm writing to memorialize the conversation we had this afternoon regarding Lead Plaintiff's subpoena to JEGS and your recently filed motion to quash that subpoena.

As I mentioned on our call, we were surprised to receive notice of the filing of JEGS' motion to quash Lead Plaintiff's Rule 45 subpoena last night, despite the written agreement to postpone JEGS' response date to March 25, 2026, and our meet and confer earlier in the day regarding a further extension to respond. Following yesterday's meet and confer, and before the filing of your motion to quash, we sent an email agreeing to further extend the deadline to May 25, 2026, and attempting to narrow the scope of documents and the time period of at least an initial production, while we continued negotiating the requests.

On our call today, you acknowledged that the extension until March 25, 2026 was in place, that you received our email offering a further extension before filing the motion, and that you understood that the parties were still negotiating what, if any, materials would be produced – facts that were not included in the motion to quash (other than the prior extension being in place). You explained that despite the extension and the ongoing negotiations, you nevertheless filed the motion to quash so as to not waive your right to do so and to preserve your objections.

Given the extension currently in place, as well as the further extension offered, the motion to quash is premature; and, under the current status of our negotiations, would seemingly result in a waste of judicial resources, as no impasse has been reached. It is further premature given our continued availability and willingness to negotiate and reach a mutual agreement as to what narrow subset of documents exist – contrary to the certification in your motion that we are "unable to resolve this dispute."

Further still, on our call today, you expressed that we had not yet proposed any custodians from whom documents may be available. And while that is true, as I explained, we are in an information disadvantage – not knowing how JEGS stores its documents, how those documents are accessed, and who in the organization would have responsive information, we simply have not been in a position to do so or even know whether that would be the best path forth. Nevertheless, as I stated on our call today, we would be (and are) willing to have those discussions with you and endeavor to work collaboratively to identify which custodians to target, if that is necessary. As we have mentioned in our prior communications – and as I reiterated on our call today – we are cognizant of the potential cost and burden on your client and are committed to working with you to mitigate those to the extent possible.

Given this and the current status of our negotiations, we respectfully request that you withdraw the motion to quash at least until we have adequately met and conferred and reached an impasse on the requests. We agree that any withdrawal is without prejudice to refile should we reach an impasse. Alternatively, we would be willing to consider entering into an agreed order staying the briefing on the motion to quash until such time as an impasse or the then-agreed-upon extended response date is reached, whichever is later.

Please let us know whether JEGS agrees to withdraw the motion without prejudice to refile, or if you would like to discuss an agreed order staying the current briefing schedule.

1

As always, we remain open to confer and are available at your convenience to discuss further.

Best,
Sabrina

---

**From:** Alex Kaplan <AKaplan@rgrdlaw.com>
**Sent:** Tuesday, March 3, 2026 5:50 PM
**To:** 'Kishala.Srivastava@icemiller.com' <Kishala.Srivastava@icemiller.com>; Catherine.Strauss@icemiller.com
**Cc:** Candyce Thornton <cthornton@rgrdlaw.com>; Sabrina Tirabassi <stirabassi@rgrdlaw.com>
**Subject:** RE: Subpoena to Jeg's High Performance - City of Fort Lauderdale General Employee's Retirement System v. Holley, Inc. et al.

Counsel,

Thank you for taking the time to speak to me on March 2-3, 2026, regarding Lead Plaintiff's subpoena to JEGS High Performance ("JEGS") dated February 2, 2026. During our calls, you discussed the scope of the subpoena and the cost/burden for JEGS to respond.  While we are willing to negotiate the scope of the subpoena in good faith, it remains necessary for JEGS to respond.

We also spoke about an extension of time for JEGS to respond (in addition to the previously agreed to 30-day extension ). As discussed during our call, Lead Plaintiff is willing to grant an additional two month extension, until May 25, 2026, if JEGS will commit to producing a narrowed set of document in its initial prediction by that time.  With respect to the content of JEGS's initial production, and without waiving or amending Lead Plaintiff's requests, we agree to accept JEGS' production of responsive, non-privileged documents and communications that are easily identifiable and readily available to JEGS, as well as any materials or information available only to JEGS (*i.e.*, without limitation, internal communications responsive to the subpoena) that fall within the narrowed period of July 21, 2021 through February 6, 2023 ("Class Period").  As discussed, we are open to negotiate the use of custodians and/or search terms to aid in JEGS' search and collection of documents. We are agreeing to this limited scope as part of our good faith effort to obtain the documents needed for prosecution of our litigation, while also balancing JEGS' costs and expenses.  As to the remaining categories of documents, we agree to meet and confer upon receipt and review of JEGS' initial production of documents.  To the extent that JEGS does identify additional responsive documents responsive to the subpoena, we continue to request that such documents are produced. Lead Plaintiff reserves all rights and waives none.

To clarify the timing of JEGS' response, the current deadline to respond pursuant to the parties' agreement, is March 25, 2026. Lead Plaintiff acknowledges that JEGS does not waive any rights in regards to the subpoena by responding by March 25 (or later pending further agreement) rather than the original response date of March 4, 2026. Please let us know if that is amenable to JEGS.

We look forward to hearing from you soon.

Best,
Alex

---

**From:** Kishala.Srivastava@icemiller.com <Kishala.Srivastava@icemiller.com>
**Sent:** Friday, February 27, 2026 1:29 PM
**To:** Alex Kaplan <AKaplan@rgrdlaw.com>
**Cc:** Catherine.Strauss@icemiller.com
**Subject:** Subpoena to Jeg's High Performance - City of Fort Lauderdale General Employee's Retirement System v. Holley, Inc. et al.

EXTERNAL SENDER

Good afternoon,

Attached is correspondence sent on behalf of Catherine Strauss regarding the above matter. Please let us know your availability on Monday, March 2, 2026, to discuss.

Thank you,
Kishala

**Kishala Srivastava** | Associate



**P** 614-462-5040

250 West Street Suite 700 Columbus, OH 43215

Kishala.Srivastava@icemiller.com | **icemiller.com**

*************************************************************************************************
*****************************************************************************

CONFIDENTIALITY NOTICE: This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system.
Thank you.
ICE MILLER LLP
*************************************************************************************************
*****************************************************************************

3