**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | | |
|---|---|---|
| **CITY OF FORT LAUDERDALE** | : | |
| **GENERAL EMPLOYEES'** | : | |
| **RETIREMENT SYSTEM,** | : | |
| | : | **Case No. 1:23-cv-00148** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Judge Greg N. Stivers** |
| | : | |
| **HOLLEY INC.** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**NON-PARTY JEG'S AUTOMOTIVE, LLC D/B/A JEGS HIGH PERFORMANCE'S REPLY IN SUPPORT OF ITS  MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

## I.    INTRODUCTION

Plaintiff's representation that it engaged in good faith negotiations for " a narrow, targeted production" in response to its Subpoena rings hollow in light of its consistent demand that Jegs[1] produce internal communications and "easily identifiable" Holley documents **without waiving or amending** its Subpoena requests. Plaintiff's illusory offering, coupled with its admission that the named parties are early in the discovery process, demonstrate that Plaintiff has not met its obligation of taking reasonable steps to avoid imposing undue burden on non-parties like Jegs by first seeking documents from more convenient sources – the named parties.

Plaintiff cannot circumvent its discovery obligation of obtaining documents requested in the Subpoena from Holley, the obvious convenient source, by issuing the same broad subpoena to

---

[1] "Jegs" refers to the correct entity, Jeg's Automotive, LLC, d/b/a JEGS High Performance.

other non-parties like Jegs. [*See* ECF Doc. # 128, Non-Party Turn5 d/b/a American Muscle's Motion to Quash Subpoena, or Alternatively, Motion for Protective Order.][2]

Jegs filed its Motion to Quash Subpoena, or in the Alternative, for a Protective Order ("Motion") by the compliance date listed in the Subpoena and therefore, it is not premature. Plaintiff's contention that it has taken reasonable steps to avoid imposing undue burden on Jegs is belied by its clear objective to force Jegs to eventually produce *all* of the documents, even if Plaintiff obtains them in a piecemeal fashion. Jegs requests that the Court enter an order quashing the Subpoena, or in the alternative, issue a protective order staying discovery under the Subpoena until Plaintiff has exhausted efforts to obtain discovery from the named parties.

## II.    ARGUMENT

### A.  Jegs Filed Its Motion in Compliance with Plaintiff's Date in the Subpoena.

Jegs timely filed its Motion on March 3, 2026, before the compliance date listed in Plaintiff's Subpoena, to avoid any argument that it waived its right file the Motion under Civil Rule 45(d)(3). Although Plaintiff represented that it would grant an extension up to and including March 25, 2025 to serve Jegs' written responses or April 17, 2026 if Jegs agreed to produce documents, Jegs did not feel confident that it could wait until March 25, 2026 to file its Motion. Plaintiff's "good faith" efforts to take reasonable steps to avoid imposing undue burden on Jegs continue to be conditional on Jegs' agreement to produce internal communications and "easily identifiable" documents, with Plaintiff expressly noting that it was not "waiving or amending Lead Plaintiff's requests" and would seek additional responsive documents. Therefore, Jegs was well within its rights to file the instant Motion.

---

[2] *Sheldon v. Lundergan Grimes*, Case No. 2:14-cv-60, 2014 WL 12925536 at *4 (E.D. Ky. Aug. 26, 2014) (citing *Rodic v. Thistledown Racing*, 615 F2d. 736, 738 (6th Cir. 1998)) (noting that a court may take judicial notice of its own docket).

### B. Plaintiff's Illusory Negotiations Do Not Constitute the Requisite Reasonable Efforts to Avoid Imposing Undue Burden on Jegs.

To be clear, Jegs is not asking the Court to relieve it of *any* burden it faces complying with the Subpoena, just the undue burden Plaintiff imposes in its twenty-one requests spanning a period of four and a half years without any consideration for custodians or search terms. Jegs' willingness to work with Plaintiff is evident from its proposal in the February 27, 2026 letter to Plaintiff's counsel where Jegs' counsel proposed that Plaintiff agree to a six-month deferral (and subsequently even proposed a three-month deferral), asking Plaintiff to seek the documents from Holley first, and then if Plaintiff was unable to obtain those documents, Jegs would work with Plaintiff to craft narrowed requests that would allow Plaintiff to obtain the additional documents without imposing undue burden on Jegs. [*See* Exhibit C to Motion]. Plaintiff flatly rejected that proposal, insisting that Jegs produce a subset of documents, without waiving or amending the Subpoena requests and reserving its right to seek additional documents. Jegs has never refused to search for and produce responsive documents – it just asks that Plaintiff comply with its discovery obligations by taking reasonable steps to avoid imposing undue burden on a non-party like Jegs by obtaining the documents from Holley, the obvious more convenient source.

Plaintiff's self-proclaimed good-faith efforts to narrow the scope of the Subpoena is undermined by its explicit reservation to seek additional documents. Plaintiff expressly stated in its March 3, 2026 email that "[w]ith respect to the content of JEG'S initial production, ***and without waiving or amending Lead Plaintiff's requests***, we agree to accept JEGS' production of responsive, non-privileged documents and communications that are easily identifiable and readily available to JEGS, as well as any materials or information only available to JEGS. . ." [Exhibit C to Plaintiff's Response.] Plaintiff has not narrowed the actual requests in the Subpoena – it just

asks for all of the documents in a piecemeal fashion, thereby not alleviating any undue burden on Jegs.

Further, the straightforward language of Plaintiff's instructions in the Subpoena directly contradicts Plaintiff's contention that it narrowed the scope of the requests by initially seeking internal communications and easily identifiable and readily available documents during only the Class Period. In addition to responsive documents during the Class Period, Plaintiff demands the production of any "document prepared before or after this period [that] is necessary for a correct or complete understanding of any document covered by a request . . ." and any undated document whose date of creation cannot be ascertained. Any concession by Plaintiff to narrow the relevant time period to the Class Period is insincere given its instruction that documents before and after the Class Period and any undated documents must be produced if they are responsive.

Plaintiff's conditional offer to extend the deadline for Jegs to produce an initial set of documents, written intention to seek additional documents, and misleading offer to narrow the time period to the Class Period are not the reasonable efforts that Civil Rule 45 requires Plaintiff to take when issuing discovery to a non-party. For these reasons, Plaintiff's Subpoena must be quashed.

### C.  Jegs Will Be Unduly Burdened if Forced to Comply with the Subpoena.

Plaintiff cannot skirt its obligations to obtain documents from named parties by issuing broad subpoenas that undoubtedly impose undue burden on non-parties to the case. Determination of whether a subpoena imposes undue burden is a fact-specific inquiry, where the Court weighs the relevance of the requested documents against the burden of producing the documents. *ARC Resource Mgmt., Inc. v. Civil, LLC*, Case No. 7:20-cv-27, 2024 WL 4907207, at *2 (E.D. Ky. July 10, 2024) (internal citations omitted). In addition to the factors Jegs addressed in its Motion, courts

4

consider non-party status of the party seeking to quash the subpoena. *Id*. (noting that the "subpoenaing party **must** take reasonable steps to avoid imposing an undue burden or expense on the subpoenaed entity.") (emphasis added).

Plaintiff's analysis of the four factors – relevance, need, confidentiality, and harm – cuts against its own argument that Jegs has not demonstrated and will not face undue burden. Plaintiff claims that the documents sought in the twenty-one requests are relevant because Jegs is one of Holley's largest resellers, sells hundreds of Holley products, and includes Holley in its "Top Brands" category, referencing Jegs' website. [Response at pp. 1, 7]. However, this is precisely why compliance with Plaintiff's broad subpoena will result in an undue burden on Jegs.

Plaintiff's definition of Holley in the Subpoena is not just limited to as Holley, Inc. f/k/a Empower Ltd., but also any of its "direct or indirect subsidiaries, divisions, or affiliates (foreign and domestic), along with other entities/individuals. [Exhibit A to Motion]. Plaintiff requests documents related to any Holley products, including products sold by Jegs under Holley's affiliates. On its website, Jegs actually sells *thousands* of products with just Holley's name.[3]



According to Holley's website, its "family of brands" includes over fifty brand names Holley sells its products under.[4] Jegs sells not only Holley brand products, but products provided

---

[3] https://www.jegs.com/v/Holley/510?pageSize=180&Tab=SKU&storeId=10001&catalogId=10002&langId=-1&csrc=brand&pageNumber=4 (last accessed March 31, 2026).
[4] https://www.holley.com/brands/ (last accessed March 31, 2026).

by Holley's affiliates, including B&M, Dinan, Flowmaster, and Stilo, among other Holley brands. Plaintiff cannot make a straight-faced argument that Jegs will not be subject to undue burden when demanding that Jegs produce, in a piecemeal fashion, internal and external documents and communications, along with sensitive financial information, for *thousands* of products that Jegs sells on its website over a span of years. Even if Plaintiff contends that it is only seeking documents during the Class Period (which it is not as evidenced by its own Subpoena), requiring Jegs to produce daily documents and emails for thousands of products for unidentified custodians would undoubtedly subject Jegs to undue burden.

The Court must limit the extent of discovery if the discovery sought can be "obtained from some other source that is more convenient, less burdensome, or less expensive." Civ. R. 26(b)(2)(C). Plaintiff must seek the requested documents from Holley, a more convenient source of the documents (i.e. a named party), who is expected to shoulder normal costs associated with litigation, before burdening a non-party. *See Lawrence for Estate of Hoffman v. Madison County*, Case No. 5:13-cv-383, 2015 WL 13636281, at *2 (E.D. Ky. Feb. 24, 2015) (recognizing that the undue burden analysis requires the court to be "generally sensitive to the costs imposed on third-parties.") (internal citations omitted).

Plaintiff's representation that it is focused on internal communications and "easily identifiable" documents (which are not readily available) does not negate the reality here – Plaintiff has not taken any steps to actually narrow the scope of the documents requested and relieve Jegs of any undue burden it will face when complying with the Subpoena. Instead, Plaintiff asks for the responsive documents in a piecemeal manner and Plaintiff has not narrowed the relevant time period. Plaintiff fails to establish that the purported relevance of these documents and its need for these documents, which it has not exhausted efforts to obtain from named parties, outweighs the

significant undue burden Plaintiff seeks to impose on Jegs. For these reasons, Jegs requests that the Court enter an order quashing the Subpoena.

### III.    CONCLUSION

For the reasons stated herein, non-party Jegs High Performance respectfully requests that this Court issue an order quashing the Subpoena in its entirety, or in the alternative, modify the Subpoena and issue a protective order staying Jegs' response until Plaintiff certifies that Defendants are not able to produce the requested documents, taking the required reasonable steps to avoid imposing undue burden on Jegs.

Respectfully submitted,

*Nathaniel Uhl*
Nathaniel Uhl (Ky. Bar No. 92969)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282
Telephone: (317) 236-2383
nate.uhl@icemiller.com

*Counsel for Non-Party Jeg's Automotive LLC, d/b/a JEGS High Performance*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of April 2026, a true and correct copy of the above and foregoing has this day been forwarded to all counsel of record via the Court's CM/ECF system.

<u>/s/ Nathaniel Uhl</u>
Nathaniel Uhl

*Counsel for Non-Party Jeg's Automotive LLC, d/b/a JEGS High Performance*

8