BARRETT JOHNSTON MARTIN
& GARRISON, LLC
DAVID GARRISON (KY Bar No. 98258)
200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2202
615/252-3798 (fax)
dgarrison@barrettjohnston.com

Local Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

AT BOWLING GREEN

| | |
|---|---|
| CITY OF FORT LAUDERDALE GENERAL EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLEY INC., f/k/a EMPOWER LTD., et al.,<br><br>Defendants. | Civil Action No. 1:23-cv-00148-GNS<br><br><u>CLASS ACTION</u><br><br>LEAD PLAINTIFF'S STATEMENT OF NON-OPPOSITION IN FURTHER SUPPORT OF MOTIONS FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (2) AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78U-4(a)(4) |

Pursuant to this Court's August 3, 2026 Memorandum Opinion and Order (ECF 156), Lead Plaintiff City of Fort Lauderdale General Employees' Retirement System ("GERS" or "Lead Plaintiff") and Lead Counsel respectfully submit this statement of non-opposition in further support of: (1) Lead Plaintiff's motion for final approval of the proposed class action settlement (the "Settlement"), approval of the Plan of Allocation, and final certification of the Class for settlement purposes; and (2) Lead Counsel's motion for an award of attorneys' fees and expenses and an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4). ECF 160-161.[1]

Lead Plaintiff is pleased to advise the Court that there has been no objection from the Class to the proposed $12,750,000 Settlement, Plan of Allocation, and the fee and expense application. As described in the Supplemental Declaration of Ross D. Murray Regarding: (A) Continued Dissemination of Notice; (B) Update on Call Center Services and Website; and (C) Requests for Exclusion Received ("Suppl. Murray Decl."), attached as Exhibit 1 hereto, and the prior Murray Declaration (ECF 162-2), over 16,200 Postcard Notices were sent by Verita to potential Class Members and their nominees, with one institution reporting it anticipated sending Postcard Notices to an additional 7,021 potential Class Members. Suppl. Murray Decl., ¶¶3-4. Notice was also published in *The Wall Street Journal*, transmitted over *Business Wire*, and posted on the case-dedicated website, www.HolleySecuritiesSettlement.com. Murray Decl., ¶¶12, 14. The deadline for objections was October 19, 2026. Not a single objection to any aspect of the Settlement was filed. Further, no Class Members have asked to be excluded from the Class. Suppl. Murray Decl., ¶¶7-8.

---

[1] Unless otherwise indicated, all capitalized terms have the same meanings as set forth in the Stipulation of Settlement dated July 17, 2026. ECF 153-1.

The reaction of the Class – no objections or requests for exclusion – demonstrates that the Class overwhelmingly supports the Settlement, Plan of Allocation, counsel's attorneys' fee and expense request, and the award to Lead Plaintiff, and is the most powerful evidence that the Settlement is fair, reasonable, and adequate and that it should be approved. *See, e.g.*, *New England Health Care Emps. Pension Fund v. Fruit of the Loom*, 234 F.R.D. 627, 632 (W.D. Ky. 2006) ("Likewise important is the fact that no objections to the proposed settlements were filed by any Class member" and "[t]he lack of objections is significant considering the size of these classes."); *In re Home Point Cap. Inc. Sec. Litig.*, 2024 WL 3273275, at *4 (E.D. Mich. June 28, 2024) ("The Court recognizes that the absence of objections and requests for exclusion from the Settlement supports a finding that it is fair, reasonable, and adequate, further supporting approval."); *Fusion Elite All Stars v. Varsity Brands, LLC*, 2023 WL 6466398, at *5 (W.D. Tenn. Oct. 4, 2023) ("The lack of objections and single opt out also supports approval of the settlement."); *In re Se. Milk Antitrust Litig.*, 2013 WL 2155379, at *6 (E.D. Tenn. May 17, 2013) ("The lack of objections by class members in relation to the size of the class highlights the fairness of the settlements to unnamed class members and supports approval of the settlements."); *see also Andrews v. State Auto Mut. Ins. Co.*, 2023 WL 7018839, at *5 (S.D. Ohio Oct. 25, 2023) ("'[A] relatively small number of class members who object is an indication of a settlement's fairness.'") (citing *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 906 (S.D. Ohio 2001)).

For the reasons set forth herein and in previously submitted memoranda and declarations, Lead Plaintiff respectfully submits that the $12,750,000 Settlement is a very favorable result for the Class and that the Plan of Allocation is a fair and equitable method to distribute the Net Settlement Fund. Therefore, both should be approved as fair, reasonable, and adequate. Finally, the attorneys' fees and expenses requested by Lead Counsel and the award to Lead Plaintiff

pursuant to 15 U.S.C. §78u-4(a)(4) are reasonable under the circumstances and should be awarded in the amounts sought.

DATED: November 2, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
ROBERT J. ROBBINS (admitted *pro hac vice*)
ELIZABETH A. SHONSON (admitted *pro hac vice*)
SABRINA E. TIRABASSI (admitted *pro hac vice*)
ANDREW T. REES (admitted *pro hac vice*)
ALEX KAPLAN (admitted *pro hac vice*)
SCOTT I. DION (admitted *pro hac vice*)

*s/ Robert J. Robbins*
ROBERT J. ROBBINS

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33423
Telephone: 561/750-3000
561/750-3364 (fax)
rrobbins@rgrdlaw.com
eshonson@rgrdlaw.com
stirabassi@rgrdlaw.com
arees@rgrdlaw.com
akaplan@rgrdlaw.com
sdion@rgrdlaw.com

Lead Counsel for Lead Plaintiff

BARRETT JOHNSTON MARTIN
& GARRISON, LLC
DAVID GARRISON (KY Bar No. 98258)
200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2202
615/252-3798 (fax)
dgarrison@barrettjohnston.com

Local Counsel